DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Dennis Metcalf, appeals from the judgment of the Barberton Municipal Court which denied his motion to suppress. This Court affirms.
 I. {¶ 2} On August 9, 2006, Deputy Christopher Boyd of the Summit County Sheriffs Department executed a traffic stop on the vehicle being driven by Appellant. Prior to executing the stop, Deputy Boyd ran the license plate of the
vehicle using his Mobile Data Terminal. The license plate check revealed that the *Page 2 
car's owner, Rikki Shepherd, had an expired driver's license. The screen on the Mobile Data Terminal which contained Shepherd's name did not contain any identifying characteristics of the owner. However, scrolling to a different screen on the Terminal provides the owner's gender, address, and physical characteristics. In the instant matter, Deputy Boyd did not scroll to this screen before executing the traffic stop.
 {¶ 3} Upon executing the traffic stop, Deputy Boyd asked Appellant if he was Rikki Shepherd. Appellant responded, "No, that's my daughter." Deputy Boyd then asked for and received Appellant's identification. Deputy Boyd then ran Appellant's information through the system and found that his license was under suspension. Deputy Boyd then cited Appellant for driving under suspension in violation of R.C. 4510.16 and driving under the influence of alcohol in violation of R.C. 4511.19.
 {¶ 4} On October 27, 2006, Appellant moved to suppress the evidence against him. Specifically, Appellant argued that Deputy Boyd extended the investigatory stop beyond its permissible limit. The trial court denied Appellant's motion on January 17, 2007 Thereafter, Appellant pled no contest to driving under suspension and the State dismissed the charge of driving under the influence. The trial court accepted Appellant's plea, found him guilty, and sentenced him. Appellant was sentenced to 180 days in jail, fined $100, and ordered to pay court costs. Appellant's sentence, however, was stayed pending *Page 3 
appeal. Appellant timely appealed the trial court's judgment, raising one assignment of error.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN OVERRULING MR. METCALF'S MOTION TO SUPPRESS BECAUSE THE OFFICER LACKED AN ARTICULABLE LEVEL OF REASONABLE SUSPICION TO STOP MR. METCALF AND THE TRAFFIC STOP VIOLATED MR. METCALF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES."
 {¶ 5} In his sole assignment of error, Appellant argues that the trial court erred in denying his motion to suppress. Specifically, Appellant argues that the trial court erred in concluding that the officer had a reasonable articulable suspicion to request Appellant's driver's license. This Court disagrees.
 {¶ 6} In making its ruling on a motion to suppress, the trial court makes both legal and factual findings. State v. Jones (Mar. 13, 2002), 9th Dist. No. 20810. It follows that this Court's review of a denial of a motion to suppress involves both questions of law and fact. State v.Long (1998), 127 Ohio App.3d 328, 332. As such, this Court will accept the factual findings of the trial court if they are supported by some competent and credible evidence. State v. Searls (1997),118 Ohio App.3d 739, 741. However, the application of the law to those facts will be reviewed de novo. Id. *Page 4 
 {¶ 7} A traffic stop constitutes a seizure under the Fourth Amendment.Whren v. United States (1996), 517 U.S. 806, 809-10. An investigative traffic stop does not violate the Fourth Amendment where an officer has reasonable suspicion that the individual is engaged in criminal activity. Maumee v. Weisner (1999), 87 Ohio St.3d 295, 299. To justify an investigative stop, an officer must point to "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. quoting Terry v.Ohio (1968), 392 U.S. 1, 21. A court must consider the totality of the circumstances in evaluating the facts and inferences supporting the stop. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus. "[I]f the specific and articulable facts available to an officer indicate that a driver may be committing a criminal act, which includes the violation of a traffic law, the officer is justified in making an investigative stop." State v. Shook (June 15, 1994), 9th Dist. No. 93CA005716.
 {¶ 8} This Court has previously held that "police officers may reasonably infer that an automobile is being driven by its registered owner." State v. Graves (July 14, 1993), 9th Dist. No. 2202, at *1. In the instant matter, Deputy Boyd ran the license plates of the car Appellant was driving. The vehicle came back registered to Rikki Shepherd and indicated that Shepherd's driver's license had expired. The screen containing the name of the owner did not contain any identifying information, such as the owner's gender, age, or physical characteristics. Moreover, Deputy Boyd testified that he did not know whether *Page 5 
Rikki Shepherd was a male or a female. Based upon this Court's prior precedent, we find that it was reasonable for Deputy Boyd to infer that Shepherd was driving the vehicle in question. As driving a vehicle with an expired license is a crime, Deputy Boyd was justified in initiating an investigatory stop.
 {¶ 9} An investigatory stop must last no longer than required to issue a citation or check the detainee's record. State v. Mootoosammy (July 25, 2001), 9th Dist. No. 3150-M, at *3. However, "if during the limited scope and duration of the initial stop an officer encounters additional specific and articulable facts that give rise to a reasonable suspicion of criminal activity beyond that which prompted the stop, the officer may continue to detain the defendant to investigate those new concerns."Shook, supra, at *3, citing State v. Chatton (1984), 11 Ohio St.3d 59,63 (holding that a driver may not be detained to investigate an issue other than that which precipitated the traffic stop absent some specific and articulable facts).
 {¶ 10} Once Deputy Boyd stopped the vehicle, he approached Appellant and asked him whether or not he was Rikki Shepherd. Appellant responded, "No, that's my daughter." Appellant argues that this response ended any reasonable suspicion that Deputy Boyd held that a crime was being committed and should have terminated the encounter. The State instead asserts that Deputy Boyd had no way of knowing whether or not Appellant was being truthful and had the right to verify Appellant's answer. *Page 6 
 {¶ 11} Our prior case law provides guidance on this issue.
 "Having learned that the vehicle was not being driven by the registered owner, there is no prohibition against asking the identity of the driver. The possibility that a vehicle, not driven by the registered owner, is stolen permits this very slight intrusion. The mere knowledge that a vehicle is being driven by someone other than its owner is insufficient, in itself, to give rise to a suspicion that an automobile is stolen. However, once a motor vehicle is legitimately stopped, as in this case, the slight intrusion of asking the driver for identity is neither unwarranted, nor prohibited." Graves, supra, at *2.
The State has argued that Graves is dispositive of this case as it grants an officer the right to request identification from the driver. We agree.
 {¶ 12} As this Court concluded above, Appellant's vehicle was legitimately stopped upon the belief that the driver had a suspended driver's license. Accordingly, Deputy Boyd was permitted to minimally intrude upon Appellant to request his identification. Thereafter, Deputy Boyd used information which he had legally obtained and determined that Appellant was in violation of the law. Accordingly, we find no error in the trial court's denial of Appellant's motion to suppress. Appellant's sole assignment of error is overruled.
 III. {¶ 13} Appellant's sole assignment of error is overruled. The judgment of the Barberton Municipal Court is affirmed.
 Judgment affirmed. *Page 7 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
SLABY, P. J., CONCURS