DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Sergeant David Leighty of the Doylestown Police Department stopped a vehicle driven by defendant James R. Dewey, allegedly because it had an excessively loud exhaust. During a search of the vehicle, Sergeant Leighty discovered marijuana and alleged drug paraphernalia. Mr. Dewey was charged with driving a vehicle with a loud exhaust and with possession of marijuana and drug paraphernalia. He moved to suppress "all testimony and evidence against him," arguing that Sergeant Leighty did not have a reasonable, articulable suspicion of wrongdoing at the time of the traffic stop. At the hearing on Mr. *Page 2 
Dewey's motion, Sergeant Leighty testified that he stopped Mr. Dewey's vehicle because of its loud exhaust. The trial court granted Mr. Dewey's motion, and the State has appealed under Rule 12(K) of the Ohio Rules of Criminal Procedure. This Court affirms the trial court's judgment because its finding that the exhaust on Mr. Dewey's vehicle was not excessively loud was not against the manifest weight of the evidence and, therefore, its conclusion that Sergeant Leighty did not have a reasonable, articulable suspicion of wrongdoing at the time of the traffic stop was not incorrect.
 I. {¶ 2} Sergeant Leighty testified that he was running stationary radar in a police cruiser parked beside State Route 585 just prior to stopping Mr. Dewey's vehicle. He testified that the cruiser was facing north and he had the windows closed, when he heard Mr. Dewey's vehicle approaching from the south. He said he could hear the vehicle even though his windows were closed because the exhaust was "extremely loud" and "offensive." He followed Mr. Dewey's vehicle, which he described as "one of the shorter school buses," and stopped it.
 {¶ 3} Sergeant Leighty testified that he approached the driver's side of Mr. Dewey's vehicle and asked him to turn the engine off because the exhaust noise was so loud: "I couldn't hear what he was telling me because the exhaust was loud." He testified that he told Mr. Dewey he had stopped him because of the loud *Page 3 
exhaust and, according to him, Mr. Dewey responded, "yes, he needed to get the exhaust fixed on the vehicle."
 {¶ 4} Sergeant Leighty also testified that, during the stop, he got down on his hands and knees and looked under Mr. Dewey's vehicle. He claimed that, when he did so, he saw holes in the exhaust.
 {¶ 5} A second Doylestown police officer, Eric Sands, arrived at the location of the traffic stop while it was still taking place. He testified at the suppression hearing that, near the end of the stop, he heard Sergeant Leighty repeat to Mr. Dewey that the reason for the stop had been excessive exhaust noise. According to Officer Sands, "the defendant did acknowledge the fact that he had an exhaust problem and he needed to get it taken care of."
 {¶ 6} Officer Sands also testified on cross-examination that, just before he left the scene, he heard Mr. Dewey start his vehicle. He said that he "wouldn't consider it loud but, you know, but nothing too unusual." He did note that, when he heard the vehicle, it was just at idle.
 {¶ 7} In his testimony at the suppression hearing, Mr. Dewey denied ever admitting that there was a problem with the exhaust on his vehicle. He claimed that, when Sergeant Leighty asked him to turn the vehicle off, he told the Sergeant that he "had never had any complaints about the exhaust but that [he] would have it looked at." He also denied that Sergeant Leighty had gotten down on his hands and knees and looked under the vehicle. He claimed that, when he pulled off the *Page 4 
highway, he had parked within a foot of the guardrails on the right side of the vehicle, the area in which Sergeant Leighty claimed he had gotten on his hands and knees to look at the exhaust system. He further testified that he later looked at the exhaust system himself and did not see any holes in it.
 {¶ 8} The final witness at the suppression hearing was Kyle Roth, who was a passenger in Mr. Dewey's vehicle at the time of the traffic stop. Mr. Roth denied that the vehicle's exhaust system was excessively loud and denied that he saw Sergeant Leighty get down on his hands and knees to look under the vehicle.
 {¶ 9} At the conclusion of the hearing, the trial court restated some of the testimony. It then acknowledged that a loud exhaust would provide reasonable, articulable suspicion for a traffic stop, but concluded:
 Based on the totality of the testimony presented, that being the driver and his passenger, and also the testimony of Patrolman Sands, this writer does not believe that Sergeant Leighty had a reasonable suspicion of wrongdoing. He was the only witness who stated that the muffler noise was excessive. Patrolman Sands, himself, even indicated that although the noise was a bit loud it was not extraordinary. The motion to suppress will therefore be granted.
 {¶ 10} Immediately following the hearing, the trial court filed a Judgment Entry granting Mr. Dewey's suppression motion. The text of the Judgment Entry was very similar to the statement the trial court made at the conclusion of the hearing. It appeared to contain a clerical error, however, in the form of a missing "not." While the court stated on the record of the hearing that "this writer does not believe that Sergeant Leighty had a reasonable suspicion of wrongdoing," it wrote *Page 5 
in the Judgment Entry: "this writer does believe that Sgt. Leighty had a reasonable suspicion of wrongdoing." (Emphasis added.) On August 24, 2007, this Court remanded to the trial court to afford it an opportunity to clarify its Judgment Entry. The State has now supplemented the record with an August 29, 2007, Journal Entry in which the trial court wrote that the word "not" had in fact been inadvertently omitted from its original Judgment Entry:
 This writer remembers the case clearly and intended to state that the Court did not believe that Sergeant Leighty had a reasonable suspicion of wrongdoing. To argue otherwise would not comport with the rest of the decision where the Court stated that both the driver and passenger and Patrolman Sands did not feel the muffler noise was too loud. Further, the motion to suppress was granted not denied. If the Court believed Sergeant Leighty, the motion to suppress would have been denied.
(Emphasis in original.)
 II. {¶ 11} The State's sole assignment of error is that the trial court incorrectly granted Mr. Dewey's motion to suppress. When a trial court decides whether a police officer had a reasonable suspicion of wrongdoing warranting a traffic stop, it must do two things. It must first determine the historical facts. Once it does that, it then must determine whether those historical facts, viewed from the standpoint of an objectively reasonable police officer, supported a reasonable suspicion:
 The principal components of a determination of reasonable suspicion or probable cause will be the events which occurred leading up to the stop or search, and then the decision whether these historical *Page 6 
facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion or to probable cause.
Ornelas v. United States, 517 U.S. 690, 696 (1996). While the second part of the analysis, whether the historical facts support a determination of reasonable suspicion, involves a mixed question of law and fact, the first part, the determination of the historical facts, is a pure question of fact:
 The first part of the analysis involves only a determination of historical facts, but the second is a mixed question of law and fact . . .
Id.
 {¶ 12} In this case, the trial court determined that if the exhaust on Mr. Dewey's vehicle had been excessively loud, Sergeant Leighty would have had a reasonable suspicion to stop him. Neither party has questioned that determination. The trial court further determined, however, that the exhaust was not excessively loud. The State has challenged that determination. That is, the State has challenged the trial court's determination of that historical fact.
 {¶ 13} Once a defendant adequately challenges a warrantless search or seizure, the prosecution bears both the burden of going forward and the burden of persuasion. Xenia v. Wallace, 37 Ohio St. 3d 216 (1988). See also State v. Shindler, 70 Ohio St. 3d 54, 56-57 (1994). There is no doubt that the State presented sufficient evidence to carry its initial burden of going forward in this case in the form of Sergeant Leighty's testimony that the exhaust on Mr. Dewey's vehicle was excessively loud. The issue on appeal, therefore, is whether the trial *Page 7 
court's finding that the State failed to meet its burden of persuasion was against the weight of the evidence.
 {¶ 14} This Court applies the "civil manifest-weight-of-the-evidence standard" to suppression issues. E.g., State v Metcalf, 9th Dist. No. 23600, 2007-Ohio-4001, at ¶ 6; but see Id. at ¶ 14 (Dickinson, J. concurring); see State v. Wilson, 113 Ohio St. 3d 382, 2007-Ohio-2202
at ¶ 32. Under the "civil manifest-weight-of-the-evidence standard, this Court must affirm the trial court's factual findings if they "are supported by some competent and credible evidence." Metcalf at ¶ 6 (citing State v. Searls, 118 Ohio App. 3d 739, 741 (1997)).
 {¶ 15} As outlined above, both Mr. Dewey and his passenger, Mr. Roth, testified that the exhaust on Mr. Dewey's vehicle was not excessively loud. They further denied that Sergeant Leighty had gotten on his hands and knees and looked under the vehicle as he claimed he had done. Officer Sands was not questioned about whether he had seen Sergeant Leighty look under the vehicle. His testimony that, when he heard the vehicle at idle, he "wouldn't consider it loud but, you know, but nothing too unusual," however, lent support to Mr. Dewey's and Mr. Roth's testimony, and impeached Sergeant Leighty's testimony. This is particularly true in light of the fact that Sergeant Leighty testified that when he walked up to the driver's side of the vehicle, when the engine also would have been idling, the exhaust noise was so loud that he had to ask Mr. Dewey to turn the engine off so he could hear what Mr. Dewey was saying. *Page 8 
 {¶ 16} The trial court's conclusion that Sergeant Leighty's testimony was not believable was supported by competent and credible evidence. Accordingly, the State's assignment of error is overruled.
 III. {¶ 17} The State's assignment of error is overruled. The trial court's judgment is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 9 
Costs taxed to appellant.
CLAIR E. DICKINSON FOR THE COURT
 WHITMORE, P. J. MOORE, J. CONCUR *Page 1