DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} John Bell waived down an undercover police officer and sold crack cocaine to him while Kalil Logan stood behind him serving as a lookout. After the transaction, uniformed detectives arrived on the scene. Mr. Bell fled while a uniformed detective approached Mr. Logan. Mr. Logan failed to follow the detective's instructions to get down on the ground and prepared to strike the officer. The detective pushed Mr. Logan to the ground and handcuffed him. During the search that followed, police found crack cocaine in Mr. Logan's pants pocket. Mr. Logan moved to suppress the crack. The trial court denied the motion, and a jury found him guilty of possession of cocaine. Mr. Logan has argued that the search was invalid and the evidence should have been suppressed. This Court affirms the trial court's judgment because the police lawfully stopped Mr. Logan to investigate and then conducted a lawful search incident to arrest. *Page 2 
 STANDARD OF REVIEW FOR MOTION TO SUPPRESS {¶ 2} A motion to suppress presents a mixed question of law and fact:
 When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.
State v. Burnside, 100 Ohio St. 3d 152, 2003-Ohio-5372, at ¶ 8
(citations omitted); but see, State v. Metcalf, 9th Dist. No. 23600,2007-Ohio-4001, at ¶ 14 (Dickinson, J., concurring). The trial court made the following factual findings, and this Court accepts them because they are supported by competent, credible evidence.
 {¶ 3} Detective Michael Gilbride, a detective with the Akron Police Department, has five years of specialized work in the Street Narcotics Uniformed Detail and additional training investigating drug cases. In May 2007, Detective Gilbride conducted undercover "buy-bust operations" in Akron; he purchased crack cocaine from street-level drug dealers and, immediately after the transaction, uniformed detectives arrested the people who sold the drugs. The uniformed detectives monitored the transactions through a recording device in Detective Gilbride's automobile.
 {¶ 4} On the night of Mr. Logan's arrest, Detective Gilbride noticed two individuals-Mr. Bell and Mr. Logan — standing in an area known for drug transactions. Both Mr. Bell and Mr. Logan waved for Detective Gilbride's unmarked car to stop, which it did, about 30 to 40 feet away from the men. Both men approached the car. Detective Gilbride purchased crack cocaine from Mr. Bell while Mr. Logan stood behind Mr. Bell. Detective Gilbride testified that drug dealers often work in tandem with one person handling the drug transaction while the other *Page 3 
serves as a "lookout." After the transaction, Detective Gilbride notified the uniformed detectives that he had completed a purchase along with providing a description of the individuals involved.
 {¶ 5} Detective Danzy was the first uniformed detective to arrive and to approach Mr. Logan; Mr. Bell had fled. Detective Danzy yelled several times for Mr. Logan to get down on the ground; Mr. Logan failed to follow the instructions. Detective Danzy approached him and reached for his arm. Mr. Logan pulled away and acted in an aggressive manner. Detective Danzy feared that Mr. Logan would hit him. He pushed Mr. Logan to the ground and handcuffed him. At that point, Detective Danzy believed he could arrest Mr. Logan for refusing to follow his commands and for obstructing his investigation. After Mr. Logan was under control, another detective searched him incident to arrest and found crack cocaine in his front pants pocket.
 {¶ 6} Mr. Logan was charged with possession of cocaine. He moved to suppress the crack cocaine seized from his pocket. The trial court held a suppression hearing and denied the motion. A jury found Mr. Logan guilty of possession of cocaine. Mr. Logan has appealed and argued that the trial court erred when it denied his motion to suppress because the police unlawfully seized him and then unlawfully seized the crack from his pocket. This Court affirms the trial court's judgment because the police were justified in executing a Terry stop and because the crack was discovered and seized incident to his arrest.
 TERRY STOP {¶ 7} Mr. Logan's first argument is that Detective Danzy did not lawfully stop him to investigate criminal activity. The Fourth Amendment to the United States Constitution protects people from unreasonable searches and seizures. Article I Section 14 of the Ohio Constitution contains a similar provision. Under these sections, a police officer generally may not seize a *Page 4 
person within the meaning of the Fourth Amendment unless the officer has probable cause to arrest the person for a crime. Florida v. Royer,460 U.S. 491, 498 (1983).
 {¶ 8} There are limited exceptions to this rule. A Terry stop — "[a]n investigative stop supported by an officer's reasonable suspicion of criminal activity — does not violate the Fourth Amendment." State v.Rackow, 9th Dist. No. 06CA0066, 2008-Ohio-507, at ¶ 8. "Reasonable suspicion requires only that the officer `point to specific, articulable facts which, together with rational inferences from those facts, reasonably warrant the intrusion.'" Id. (quoting State v. Taylor, 9th Dist. No. 16686, 1994 WL 395616 at *2 (July 27, 1994) (citing Terry v.Ohio, 392 U.S. 1, 21 (1968)). A Terry stop may last no longer than necessary to accomplish the initial goal of the stop. State v.Ramsey, 9th Dist. No. 06CA009074, 2007-Ohio-6687, at ¶ 12. The reasonableness of the officer's actions in making an investigatory stop must be evaluated in light of the totality of the circumstances.Rackow, 2008-Ohio-507, at ¶ 8.
 {¶ 9} The totality of the circumstances support Detective Danzy's decision to stop Mr. Logan to investigate his conduct. Mr. Logan had, with another person, just flagged down a car to complete a drug transaction. Detective Danzy, who arrived less than one minute after the sale, was aware that Mr. Logan participated in a completed drug sale based on Detective Gilbride's description of the location of the sale and the two people involved. These specific, articulable facts gave rise to a reasonable suspicion that warranted the intrusion to further investigate possible criminal activity.
 {¶ 10} Under the totality of the circumstances, this Court concludes that Detective Danzy completed an investigate stop supported by his reasonable suspicion of criminal activity. To the extent that Mr. Logan's assignment of error is a challenge to Detective Danzy's initial, investigatory stop, it is overruled. *Page 5 
 SEARCH INCIDENT TO ARREST {¶ 11} Mr. Logan has also argued that the trial court erred when it failed to suppress the crack cocaine police seized from his pants pocket. This Court concludes that the police lawfully seized the evidence as part of a search incident to arrest.
 {¶ 12} The right of the police to search incident to arrest is a well-established exception to the warrant requirement of theFourth Amendment. State v. Murrell, 94 Ohio St. 3d 489, 491 (2002) (citingChimel v. California, 395 U.S. 752, 762-763 (1969)). A warrantless search of the person arrested is justified to discover weapons and to prevent the concealment or destruction of evidence. Id
 {¶ 13} Detective Danzy testified that, when he first approached Mr. Logan, he did not intend to arrest him. Detective Danzy wanted to question him about his involvement in the drug transaction. When Mr. Logan acted aggressively, however, Detective Danzy struggled with and eventually subdued him. At that time, Detective Danzy intended to arrest Mr. Logan and, in fact, Mr. Logan was under arrest. Detective Danzy handcuffed him and turned him over to another detective to conduct a search incident to arrest. After a person is legally arrested, "whatever is found upon his person or in his control which it is unlawful for him to have and which may be used to prove the offense may be seized and held as evidence in the prosecution." Carroll v. United States,267 U.S. 132, 158 (1925).
 {¶ 14} The crack cocaine taken from Mr. Logan's pants pocket was seized as part of a search incident to an arrest. To the extent Mr. Logan's assignment of error is addressed to the seizure of the crack cocaine, it is overruled. *Page 6 
 CONCLUSION {¶ 15} Mr. Logan's assignment of error is overruled. The judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 SLABY, J. MOORE, P. J. CONCUR *Page 1