{¶ 12} As noted by the majority, the burden was on Mr. Colon to make "a prima-facie showing of constitutional infirmity." State v.Brooke, 113 Ohio St. 3d 199, 2007-Ohio-1533, at ¶ 11. He carried that burden by testifying on direct examination that he was not represented: *Page 6 
 Q. Now, in that particular case, did you have an attorney representing you?
 A. I did not.
 {¶ 13} The burden then shifted to the State to prove either that he was represented or that he had properly waived his right to counsel. The State attempted to carry its burden in two ways. First, it relied upon a notation on the "shuck." Second, it relied upon Mr. Colon's statement on cross-examination that he did not have a specific recollection that he was not represented.
 {¶ 14} The "shuck" was inconclusive, and it was up to the trial court to determine whether to believe Mr. Colon's direct testimony in view of his impeachment on cross-examination. This Court has repeatedly held that, when reviewing a ruling on a motion to suppress, this court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." E.g., State v. Barbee, 9th Dist. No. 07CA009183, 2008-Ohio-3587, at ¶ 8 (quoting State v. Burnside,100 Ohio St. 3d 152, 2003-Ohio-5372, at ¶ 8); but see, State v. Metcalf, 9th Dist. No. 23600, 2007-Ohio-4001, at ¶ 14 (Dickinson, J., concurring). Mr. Colon's testimony on direct examination that he was not represented by counsel was competent, credible evidence. Accordingly, this Court must accept the trial court's finding that he was not represented and affirm its order suppressing his conviction in Case No. 93TRC5571. *Page 1