[Cite as *State v. Nocon*, 2012-Ohio-395.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

TROY A. NOCON

    Appellant

C.A. No.    10CA009921

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    09CR078821

DECISION AND JOURNAL ENTRY

Dated: February 6, 2012

DICKINSON, Judge.

## INTRODUCTION

{¶1} State Trooper Joel Smith was driving eastbound on the Ohio Turnpike when he saw a van in front of him drive outside its lane four times. Trooper Smith stopped the van and approached its front passenger-side window. As soon as the driver, Troy Nocon, rolled down the window, Trooper Smith could smell marijuana. After explaining to Mr. Nocon why he had stopped him, asking him to step out of the van, having him sit in the back of his vehicle, and administering Miranda warnings, Trooper Smith asked Mr. Nocon about the smell. Mr. Nocon told him that someone had smoked marijuana in the van earlier in the day and that there was still marijuana in the van in two places. Trooper Smith led his police dog, Diego, around the van, and Diego alerted on the driver's door. Trooper Smith searched the van and found marijuana and psilocyn. The Grand Jury indicted Mr. Nocon for possession of drugs and drug paraphernalia. Mr. Nocon moved to suppress the evidence against him, arguing that Trooper Smith did not have

reasonable suspicion to stop him, but only stopped him because of his race and hairstyle. After the trial court denied his motion, Mr. Nocon pleaded no contest to the charges. The trial court accepted Mr. Nocon's plea, found him guilty of the offenses, and sentenced him to two years in prison. Mr. Nocon has appealed, arguing that the trial court incorrectly denied his motion to suppress. We affirm because the smell of marijuana, Mr. Nocon's statements, and Diego's alert each gave Trooper Smith probable cause to search the van.

## MOTION TO SUPPRESS

{¶2} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St. 3d 152, 2003-Ohio-5372, at ¶8. Generally, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.* But see *State v. Metcalf*, 9th Dist. No. 23600, 2007-Ohio-4001, at ¶14 (Dickinson, J., concurring). The reviewing court "must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Burnside*, 2003-Ohio-5372, at ¶8.

## LEGALITY OF THE SEARCH

{¶3} Mr. Nocon's first assignment of error is that Trooper Smith's search of his van was illegal because he started it before having probable cause. He has noted that, when Trooper Smith asked for his driver's license, he told the trooper that he had to retrieve it from the back of the van. Trooper Smith, therefore, asked Mr. Nocon to unlock the side-passenger door, so that he could open it to keep an eye on Mr. Nocon as he went into the back of the van. Mr. Nocon has argued that the trooper conducted an illegal search when he opened the side-passenger door of his van without his consent.

{¶4}    It is reasonable for an officer who has a legitimate reason for detaining a person to take measures "against an ambush from the rear." *State v. Evans*, 67 Ohio St. 3d 405, 410 (1993). In this case, however, it is not necessary to determine whether Trooper Smith was allowed to open the side-passenger door for safety reasons because "[t]he smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search [of a motor vehicle]." *State v. Moore*, 90 Ohio St. 3d 47, syllabus (2000). Trooper Smith testified that he had been a law enforcement officer for 13 years, that he had received repeated training in smelling marijuana, and that he detected the smell of marijuana emanating from the van as soon as Mr. Nocon opened the window. The trial court found his testimony credible. Accordingly, Trooper Smith was allowed to open the side-passenger door of the van based on the probable cause established by the smell of marijuana. *State v. Tooson*, 2d Dist. No. 23290, 2009-Ohio-6269, at ¶14. Mr. Nocon's first assignment of error is overruled.

## CREDIBILITY

{¶5}    Mr. Nocon's second assignment of error is that the search of his vehicle was illegal because the State's probable cause evidence was not credible. He has argued that Trooper Smith could not have smelled marijuana coming from the van because there was only a small quantity in the van, it was sealed in a glass container, and it was windy.

{¶6}    Just because there was only a small quantity of marijuana in the van does not mean that the van did not smell like marijuana. After all, the smoking of the substance would have consumed it. On the video recording of the stop, Mr. Nocon can be heard admitting to Trooper Smith that someone had smoked marijuana in the van earlier that day. In addition, Mr. Nocon has overlooked the fact that, besides the marijuana in the glass jar, the trooper also found a partially-burnt marijuana cigarette in the van. We, therefore, conclude that there was sufficient

evidence to support the trial court's credibility finding. Mr. Nocon's second assignment of error is overruled.

## IMPOUNDMENT

**{¶7}** Mr. Nocon's third assignment of error is that the search of his van was illegal because the State should have been required to impound the vehicle and obtain a warrant before searching it. According to Mr. Nocon, once he was secured in the back of Trooper Smith's vehicle, the trooper did not have authority to search his vehicle incident to his arrest.

**{¶8}** Mr. Nocon has confused the search-incident-to-arrest exception to the Fourth Amendment's warrant requirement with the automobile exception. Mr. Nocon is correct that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 1723 (2009). This case, however, involves the automobile exception, under which, "[o]nce a law enforcement officer has probable cause to believe that a vehicle contains contraband, he or she may search a validly stopped motor vehicle[.]" *State v. Moore*, 90 Ohio St. 3d 47, 51 (2000). Unlike the search-incident-to-arrest exception, the reason for the automobile exception is that "[t]he inherent mobility of [an] automobile create[s] a danger that the contraband [will] be removed before a warrant [can] be issued." *Id*. at 52. Mr. Nocon's third assignment of error is overruled.

## PROFILING

**{¶9}** Mr. Nocon's fourth assignment of error is that the search of his vehicle was based on unconstitutional profiling. He has noted that, when Trooper Smith was asked whether he had noticed Mr. Nocon's long hair at the time of the stop, the trooper answered: "Yeah. In a van

like that, that would be normal appearance." Mr. Nocon has argued that the trooper's answer demonstrates that part of his reason for searching the van was his and the van's appearance.

{¶10} Trooper Smith denied that he searched the van because of Mr. Nocon's appearance, stating that it was because of the smell of marijuana, Mr. Nocon's admission that there was marijuana in the van, and Diego's hit on the driver's door. The trial court found his testimony credible. Upon review of the record, we conclude that Mr. Nocon has failed to demonstrate that Trooper Smith searched the van because of illegal profiling. His fourth assignment of error is overruled.

CHANGE IN LAW

{¶11} Mr. Nocon's fifth assignment of error is that the law should be changed so that the police are not allowed to search a person's vehicle when the only probable cause the police can establish is a violation of a minor misdemeanor. Specifically, he has argued that the police should not have been allowed to keep searching his van after finding the marijuana that he told Trooper Smith was in the van.

{¶12} If an accredited drug dog alerts to the presence of drugs in a vehicle, the officer has probable cause to search the entire vehicle. *State v. Calhoun*, 9th Dist. No. 94CA005824, 1995 WL 255929 at *4 (May 3, 1995). As the Sixth District has explained, "[s]uch a dog is trained to pick up the scent of narcotics and, hopefully, lead the handler directly to the source of the scent. However, many factors may prevent the dog from getting to that source. Therefore, the only practical rule is to permit a thorough search of the vehicle." *State v. Bolding*, 6th Dist. No. E-97-115, 1999 WL 334494 at *7 (May 28, 1999). The cases Mr. Nocon has cited, involving the search of residences, fail to persuade us that the law should be changed. In any event, considering that the Ohio Supreme Court has held that a drug dog alert gives an officer

probable cause to search a vehicle, we do not have authority to entertain Mr. Nocon's argument. *See Blue Ash v. Kavanagh*, 113 Ohio St. 3d 67, 2007-Ohio-1103, at ¶26. Mr. Nocon's fifth assignment of error is overruled.

## CONCLUSION

**{¶13}** The trial court correctly denied Mr. Nocon's motion to suppress. The judgment of the Lorain County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

CARR, P.J.
WHITMORE, J.
<u>CONCUR</u>

<u>APPEARANCES</u>:

KENNETH N. ORTNER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.