[Cite as *State v. Evans*, 2012-Ohio-5485.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 26483 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KIMBERLY S. EVANS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. CR 2012 02 0506 |

DECISION AND JOURNAL ENTRY

Dated: November 28, 2012

---

DICKINSON, Judge.

## INTRODUCTION

{¶1} Officers arrested Kimberly Evans after finding drugs on her and in the car in which she was riding. Ms. Evans moved to suppress the evidence, arguing that the seizure of the car and of her person were unlawful. Following a hearing, the trial court granted her motion. The State has appealed, arguing that the court's findings of fact are not supported by competent, credible evidence. We affirm because the court was entitled to not believe the officers' testimony regarding when they asked the driver of the car for permission to search it.

## BACKGROUND

{¶2} According to Officer Jeffrey Woolley, he was on patrol one evening when he pulled into a gas station where there had been recent drug arrests. As he drove into the station, he saw a car backing up. He drove behind the car and watched it pull onto the road without

using a turn signal. Believing that a driver must use a turn signal while exiting a gas station, Officer Woolley initiated a traffic stop.

{¶3} Officer Woolley testified that he approached the driver's side of the car and began speaking with the driver. He asked for the driver's license and proof of insurance and also whether there was anything illegal in the car. When the driver replied that there was nothing illegal in the car, Officer Woolley asked if he could check for himself. The driver said that he could, so he asked the driver to step out. He patted the driver down and escorted him to his cruiser. At the cruiser, he gave his partner, Officer Walter Morris, the driver's information so Officer Morris could check if his license was valid. For safety reasons, he placed the driver in the back of the cruiser and then returned to the stopped car.

{¶4} Officer Woolley testified that, when he returned to the car, he told the passengers, one of whom was Ms. Evans, that he needed them to exit the car while he searched it. He told them where to stand and then searched the car. Under the rear passenger seat he found a bag that contained a needle and a spoon with residue on it. He also found a wallet that contained a small amount of heroin.

{¶5} Officer Morris testified that, after Officer Woolley found drugs in the car, he advised Ms. Evans of her *Miranda* rights and began questioning her. Ms. Evans told him that the items that Officer Woolley found in the car were hers. She also told him that she had a bag of crack inside her bra and removed it for him. She further told him that she had other drugs concealed on her person, which a female officer later retrieved.

{¶6} The trial court determined that, regardless of whether the driver of the car had to use a turn signal before exiting the gas station, Officer Woolley's belief was reasonable and gave him reasonable suspicion to initiate a traffic stop. It found, however, that Officer Woolley did

not ask the driver of the car whether he could search it until after "the officers had determined that the driver had a valid registration and no outstanding warrants[.]" It concluded that, at that point in the encounter, the officers, who had "no objective basis to believe that the driver had committed or was about to commit a criminal offense," should have issued a citation for failure to use a turn signal or told the driver and passengers that they were free to leave. Because the officers "lacked authority to detain the driver and occupants further" and did not specifically tell them that they were free to leave before questioning Ms. Evans, the court granted her motion to suppress.

## MOTION TO SUPPRESS

**{¶7}** The State's assignment of error is that the trial court incorrectly granted Ms. Evans's motion to suppress. A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St. 3d 152, 2003-Ohio-5372, ¶ 8. Generally, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id. But see State v. Metcalf*, 9th Dist. No. 23600, 2007-Ohio-4001, ¶ 14 (Dickinson, J., concurring). The reviewing court "must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Burnside*, 2003-Ohio-5372, at ¶ 8.

**{¶8}** The State has argued that the trial court's findings of fact were not supported by competent, credible evidence. It has noted that Officer Woolley testified that he asked whether he could search the car immediately after he asked for the driver's license and proof of insurance and "[l]ess than a minute" after stopping the car. It has also noted that Officer Morris testified that, when Officer Woolley returned to the cruiser to check the validity of the driver's license, he told him that the driver had already given consent to search the car. The State has argued that

there was no testimony or other evidence to support the court's finding that Officer Woolley did not ask to search the car until he had completed his investigation of the failure-to-use-a-turn-signal offense.

{¶9} The Ohio Supreme Court has held that, "[t]o suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must (1) demonstrate the lack of a warrant, and (2) raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge." *City of Xenia v. Wallace*, 37 Ohio St. 3d 216, paragraph one of the syllabus (1988). "Once a defendant has demonstrated a warrantless search or seizure and adequately clarified that the ground upon which he challenges its legality is lack of probable cause, the prosecutor bears the burden of proof, including the burden of going forward with evidence, on the issue of whether probable cause existed for the search or seizure." *Id*. at paragraph two of the syllabus; *see State v. Cullers*, 119 Ohio App. 3d 355, 360 (2d Dist. 1997) (explaining that the State also has the burden of proving that an officer had reasonable suspicion of criminal activity); *State v. Fausnaugh*, 4th Dist. No. 1778, 1992 WL 91647, *2 (Apr. 30, 1992) (same). "'Burden of proof' encompasses two aspects: the burden of going forward with evidence (or burden of production) and the burden of persuasion." *City of Xenia*, 37 Ohio St. 3d at 219.

{¶10} Ms. Evans met her initial burden under *City of Xenia*. There is no dispute that the officers did not have a warrant to stop the car, and Ms. Evans argued in her motion to suppress that a police officer "may not continue [a] detention for reasons unrelated to the initial purpose of the stop, unless he discovers additional specific and articulable facts that give rise to a reasonable suspicion of criminal activity." The State, therefore, had the burden of demonstrating that the officers' seizure of the car and its occupants, their search of the car, and their subsequent

questioning of Ms. Evans were consensual or supported by probable cause or a reasonable suspicion of criminal activity. *City of Xenia v. Wallace*, 37 Ohio St. 3d 216, paragraph two of the syllabus.

**{¶11}** Although Officer Woolley testified that he asked the driver of the car for permission to search it before he completed his investigation of the turn-signal offense, the trial court was not required to believe him. According to the Ohio Supreme Court, a trier of fact is "not required to accept the testimony of [a] . . . witness simply because it was uncontradicted, unimpeached and unchallenged." *Ace Steel Baling Inc. v. Porterfield*, 19 Ohio St. 2d 137, 138 (1969). "The trier of facts always has the duty, in the first instance, to weigh the evidence presented and has the right to accept or reject it." *Id.*; *Bradley v. Cage*, 9th Dist. No. 20713, 2002 WL 274638, *2 (Feb. 27, 2002).

**{¶12}** The trial court did not specifically note in its journal entry that it had found Officer Woolley not credible regarding the timing of his request for permission to search the car. Under Rule 12(F) of the Ohio Rules of Criminal Procedure, "[if] factual issues are involved in determining a [pretrial] motion, the court shall state its essential findings on the record." The Ohio Supreme Court has held, however, that to preserve error under Criminal Rule 12(F), a party must have requested factual findings. *State v. Eley*, 77 Ohio St. 3d 174, 179 (1996), superseded by constitutional amendment on other grounds, *State v. Smith*, 80 Ohio St. 3d 89, 103 n.4 (1997). In this case, the State did not request that the court state its findings of fact regarding the officers' credibility.

**{¶13}** It is apparent from the trial court's decision that it did not find the evidence that the State offered to prove that the driver of the car gave permission to search it while it was being detained for the claimed traffic violation credible. In the absence of credible evidence

establishing that the driver gave permission to search his car while the officers were investigating the traffic offense, the court correctly granted Ms. Evans's motion to suppress. *State v. Robinette*, 80 Ohio St. 3d 234, paragraphs one and three of the syllabus (1997). The State's assignment of error is overruled.

CONCLUSION

{¶14} The trial court was allowed to disbelieve Officer Woolley's testimony regarding when he asked for permission to search the car. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.


APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellant.

THOMAS M. DICAUDO, Attorney at Law, for Appellee.