[Cite as *State v. Weese*, 2025-Ohio-2193.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | | C.A. No. 2024CA0083-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| GINGER S. WEESE | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 2024-CR-0106 |

DECISION AND JOURNAL ENTRY

Dated: June 23, 2025

HENSAL, Judge.

{¶1} Ginger Weese appeals an order of the Medina County Court of Common Pleas that denied her motion to suppress. This Court affirms.

I.

{¶2} On February 6, 2024, a Medina County sheriff's sergeant initiated a traffic stop based on a vehicle's loud exhaust. When the driver, Ms. Weese, exited the car, the sergeant noticed a bulge in the front pocket of her hoodie. The driver removed a container of mints, but the bulge remained. After another deputy's canine alerted near Ms. Weese's car, the sergeant asked her again what was in her hoodie pocket. As Ms. Weese removed pieces of pastry from her pocket, the sergeant saw what appeared to be methamphetamine. He handcuffed Ms. Weese, emptied her pocket, and found approximately 150 grams of crystal methamphetamine.

{¶3} Ms. Weese was charged with aggravated trafficking in drugs and aggravated possession of drugs. She moved to suppress the physical evidence seized during the stop as well

as any statements she made after her arrest and the results of any subsequent testing of the physical evidence. Ms. Weese argued that the traffic stop was unlawful because the car that she was driving did not, in fact, have a loud exhaust. The trial court denied the motion, concluding that it raised a question of the sergeant's credibility and that the stop was supported by a reasonable, articulable suspicion of criminal activity. Ms. Weese pleaded no contest, and the trial court found her guilty of both charges. The trial court sentenced her to a stated prison term of three to four and one-half years for each offense, with the prison terms concurrent to each other. The trial court also suspended her driver's license for one year effective on the date of her release from prison. Ms. Weese appealed, assigning one error for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE AND STATEMENTS RESULTING FROM AN ILLEGAL TRAFFIC STOP, IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHTS UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 14 OF THE OHIO CONSTITUTION, WHERE THE SHERIFF'S DEPUTY LACKED REASONABLE ARTICULAB[L]E SUSPICION, OR PROBA[B]LE CAUSE, TO MAKE A TRAFFIC STOP OF THE MOTOR VEHICLE THAT DEFENDANT-APPELLANT WAS DRIVING.

{¶4} Ms. Weese's assignment of error argues that the trial court erred by denying her motion to suppress because the sergeant did not have reasonable, articulable suspicion that justified the traffic stop. This Court does not agree.

{¶5} This Court's review of the trial court's ruling on the motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 2003-Ohio-5372, ¶ 8. "At a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact." *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Consequently, this Court accepts a trial court's

findings of fact if supported by competent, credible evidence. *Burnside* at ¶ 8. Once this Court has determined that the trial court's factual findings are supported by the evidence, we consider the trial court's legal conclusions de novo. *See id.* In other words, this Court accepts the trial court's findings of fact as true and "must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id*., citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist. 1997).

{¶6} The investigatory stop of an automobile is a seizure for purposes of the Fourth Amendment and, consequently, must be based on a law enforcement officer's reasonable suspicion "that a motorist has committed, is committing, or is about to commit a crime." *State v. Mays*, 2008-Ohio-4539, ¶ 7, citing *Delaware v. Prouse*, 440 U.S. 648, 663 (1979) and *Berkemer v. McCarty*, 468 U.S. 420, 439 (1984), quoting *United States v. Brignoni-Ponce*, 422 U.S. 873, 881 (1975). In justifying the stop, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968).

{¶7} As the parties acknowledge, an officer who notes excessive exhaust noise may have reasonable suspicion to initiate a traffic stop. *See State v. VanScoder*, 92 Ohio App.3d 853, 855 (9th Dist. 1994). *See generally* R.C. 4513.22(A) ("Every motor vehicle . . . with an internal combustion engine shall at all times be equipped with a muffler which is in good working order and in constant operation to prevent excessive or unusual noise . . . ."). Ms. Weese maintains that the traffic stop in this case was unlawful, however, because the sergeant's testimony about the excessive exhaust noise was not credible.

{¶8} The trial court found that the sergeant was observing traffic on State Route 18 when he saw a blue 1998 Nissan and noted that the vehicle had "an excessively loud exhaust . . . ."

According to the trial court, testimony at the hearing established that the speed limit in this area is 55 miles per hour. The trial court noted that the owner of the vehicle, S.R., testified that the vehicle's exhaust "was functioning and was not loud." The trial court also wrote that a mechanic used by S.R. testified that he had performed a transmission repair that required replacing an exhaust gasket in December and that he inspected the vehicle on February 14, 2024, at S.R.'s request. According to the trial court, the mechanic testified that "the exhaust appeared to be in good working order and was not loud." The trial court also found that the mechanic did not have personal knowledge about how the exhaust sounded on the date of the traffic stop and did not test the exhaust with the car traveling 55 miles per hour. The trial court observed that according to the mechanic's testimony, the vehicle had an aftermarket exhaust. Noting that the issue presented by the motion to suppress was the sergeant's credibility, the trial court concluded:

> The Court is mindful that the issue of whether a vehicle's exhaust is producing excessive or unusual noise is somewhat subjective. What may be excessive or unusual noise to one individual might not be perceived the same way by another individual. [The mechanic] testified that the vehicle had an aftermarket exhaust. The body camera and cruiser video of the traffic stop do not include audio at the time the vehicle passed by [the sergeant] and he initiated the traffic stop. The audio does not begin until after the vehicle was stationary on the side of the road.

> This is ultimately an issue of [the sergeant's] credibility, as he testified that he personally heard the vehicle pass by him and the exhaust was excessively loud. Case law is clear that an officer's testimony that a vehicle's exhaust was excessively loud, if credible, is sufficient to justify a traffic stop.

The trial court determined that the officer's testimony was credible.

{¶9} The trial court's findings of fact are supported by competent, credible evidence. The sergeant testified that, as he was observing traffic during his shift on February 6, 2024, a Nissan with a loud exhaust passed, causing him to initiate a traffic stop. The audio from the sergeant's dashboard camera and body-worn cameras did not record until after the sergeant

initiated the traffic stop, so there is no audio recording contemporaneous with the sergeant's initial observations. No witnesses other than the sergeant testified about the traffic stop itself.

{¶10} S.R., the owner of the vehicle, testified that the vehicle did not exhibit any problems with the exhaust. S.R. testified that she loaned the car to Ms. Weese the evening of the stop because her own vehicle was too loud. S.R. testified that when she arrived at the scene of the traffic stop, the car was parked with the engine running. She recalled that she could not hear that the car was running S.R. testified that a flange gasket had recently been replaced, but she acknowledged that the repairs at that time did not have anything to do with exhaust noise. Her mechanic testified that there were no problems with the exhaust when he examined it eight days after the stop. The mechanic explained that he started the ignition, elevated the car on a lift, and visually inspected the exhaust. He did not drive the car or accelerate it.

{¶11} Ms. Weese urges this Court to conclude that the trial court's credibility determination was in error on the authority of *State v. Dewey*, 2007-Ohio-5384 (9th Dist.). That case, however, is distinguishable. In *Dewey*, an officer testified that he initiated a traffic stop based on his observation that a vehicle's exhaust system was "'extremely loud' and 'offensive.'" *Id*. at ¶ 2. The driver testified at the suppression hearing, and he disputed the officer's testimony. *Id*. at ¶ 7. A passenger who was in the vehicle during the stop did the same. The trial court granted the motion to suppress, and the State appealed. This Court affirmed the trial court's decision, concluding that "[t]he trial court's conclusion that [the officer's] testimony was not believable was supported by competent and credible evidence." *Id.* at ¶ 16. On the other hand, Ms. Weese asks this Court to *reverse* the trial court's credibility determination. Unlike in *Dewey*, there are no witnesses other than the sergeant who testified about the exhaust noise at the time of the traffic stop.

**{¶12}** The trial court is "in the best position to resolve factual questions and evaluate the credibility of witnesses." *Burnside*, 2003-Ohio-5372, at ¶ 8. This Court concludes that the trial court's findings of fact – including its determination of the sergeant's credibility – are supported by competent, credible evidence. The trial court did not err by denying Ms. Weese's motion to suppress, and her assignment of error is overruled.

III.

**{¶13}** Ms. Weese's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

FLAGG LANZINGER, P. J.
SUTTON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

DAVID SHELDON, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.