DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, State of Ohio appeals the judgment of the Medina Municipal Court granting Appellee William Campbell's ("Campbell") Motion to Suppress. This Court reverses.
 I. {¶ 2} On October 8, 2004, Campbell was arrested for driving while under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a) and operating a vehicle with a prohibited breath alcohol content, in violation of R.C. 4511.19(A)(1)(h). Campbell entered a plea of "not guilty" on October 12, 2004.
 {¶ 3} On October 27, 2004, Campbell filed a motion to suppress all evidence seized from the time of the detention of his vehicle, including his (1) identification, (2) tests of coordination, sobriety, drug or alcohol level and (3) statements. Campbell argued that these items should be suppressed because said evidence was obtained during an unlawful stop wherein the officers lacked reasonable and articulable suspicion for the initial detention.
 {¶ 4} During the suppression hearing, held on January 3, 2005 in the Medina Municipal Court, the trial court heard testimony from Sgt. Ronald Ross, Officer Joseph Lorek and Campbell's wife, Karen Campbell. The trial court granted Campbell's motion on March 22, 2005 and held that there was not a reasonable and articulable suspicion, based solely upon Campbell's wide right turn, which would be adequate to justify the initial detention of the vehicle. The State timely filed its notice of appeal on March 29, 2005, asserting one assignment of error.
 II. ASSIGNMENT OF ERROR
"THE MEDINA MUNICIPAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO SUPPRESS EVIDENCE."
 {¶ 5} In their sole assignment of error, the State contends that the court erred in granting Campbell's motion to suppress evidence obtained during his detention, contending that the officers had reasonable suspicion necessary to justify the stop. The State specifically argues that the officers' observation of Campbell's wide right turn and consequent failure to stay in the appropriate lane created reasonable suspicion that a traffic violation had occurred. We agree.
 {¶ 6} An appellate court's review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact. State v.Long (1998), 127 Ohio App.3d 328, 332. The trial court acts as the trier of fact during a suppression hearing, and is therefore best equipped to evaluate the credibility of witnesses and resolve questions of fact. State v. Hopfer (1996), 112 Ohio App.3d 521, 548, quotingState v. Venham (1994), 96 Ohio App.3d 649, 653. Accordingly, this Court accepts the trial court's findings of fact so long as they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594. "The trial court's legal conclusions, however, are afforded no deference, but are reviewed de novo." State v.Russell (1998), 127 Ohio App.3d 414, 416. (Italics sic).
 {¶ 7} The trial court's journal entry granting Campbell's motion to suppress contained the following findings of fact:
"On October 8, 2004, both Sgt. Ross and Patrolman Lorek were on duty, on patrol, in uniform, and operating a [sic] marked cruisers in the City of Medina, Medina County, Ohio. The defendant is the individual operating the vehicle which was stopped by Officer Ross and Officer Lorek, the citing officer.
"In the late afternoon/early evening hours of October 8, 2004 both Sgt. Ross and Officer Lorek had a dispatch from the Medina City Police Department which advised that there was an individual in a black pickup truck at the Clark station at the intersection of Court Street and Union Street who was `probably under the influence of alcohol.'
"Officer Lorek was the closest officer to the area and he drove to the area of the Clark station and matched a black pickup parked at the Clark station with the plate given by the dispatcher. Officer Lorek drove past the gas station and observed the black pickup truck in the gas station. He saw nothing out of the ordinary. The vehicle was at a pump facing northbound and the driver was getting gas.
"The police dispatch had reported that someone was drinking alcohol in the vehicle but neither Sgt. Ross nor Officer Lorek observed this.
"Officer Lorek made no other observations of the defendant's physical condition during this period of time.
"The defendant pulled his full-sized pickup truck onto Union Street westbound. Officer Lorek made a U-turn to follow the vehicle.
"The defendant stopped at the stop sign at North Elmwood Avenue. Sgt. Ross was coming north on North Elmwood Avenue. The defendant turned his full-sized pickup truck right to proceed south on North Elmwood Avenue and in this turn his left front wheel crossed into the southbound lane of traffic briefly. Essentially, he made a wide right turn. Sgt. Ross then got behind the vehicle which turned left onto Bradway Street to go west and then made an `S' maneuver to turn into a driveway on the north side of Bradway. Sgt. Ross did not indicate that he observed any consumption of alcohol in the vehicle by the driver while he was following it.
"The defendant was charged with operating a vehicle under the influence of alcohol and operating with a prohibited breath alcohol content. There were no minor misdemeanor traffic citations issued.
"In this area West Union Street is a two-lane road as is North Elmwood Avenue. If there were a car parked on North Elmwood Avenue, there would not be enough room for two vehicles to pass this car in opposite directions at the same time."
 {¶ 8} After a review of the record, we find that the trial court's factual determinations are supported by competent, credible evidence. The transcript of the suppression hearing supports the trial court's findings of fact. Accordingly, we turn to the trial court's legal conclusions to conduct a de novo review. See Russell, 127 Ohio App.3d at 416.
 {¶ 9} In its journal entry granting Campbell's motion to suppress, the trial court stated:
"The Court finds that under these circumstances in which a full-sized pickup truck makes a wide right turn and its left front tire passes briefly into the opposite lane of travel while making the turn, there is not a reasonable and articulable suspicion based solely upon this activity adequate to justify the initial detention of the vehicle. Neither officer observed anything about the occupant of this vehicle which would confirm the information provided to the Medina City Police Dispatch. Officer Lorek did not observe anything about the person of the defendant which would give him cause for concern when he saw the defendant in the gas station at the corner of Union and Court Street."
 {¶ 10} A traffic stop constitutes a seizure within the meaning of the Fourth Amendment. Whren v. United States (1996), 517 U.S. 806, 809-810. However, an investigative stop of a motorist does not violate the Fourth Amendment if the officer has a reasonable suspicion that the individual is engaged in criminal activity. Maumee v. Weisner (1999),87 Ohio St.3d 295, 299, citing Terry v. Ohio (1968), 392 U.S. 1, 22. "To justify a particular intrusion, the officer must demonstrate `specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" Weisner,87 Ohio St.3d at 299, quoting Terry, 392 U.S. at 21. Evaluating these facts and inferences requires the court to consider the totality of the surrounding circumstances. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus, certiorari denied (1981), 454 U.S. 822. "Thus, `if the specific and articulable facts available to an officer indicate that a driver may be committing a criminal act, which includes the violation of a traffic law, the officer is justified in making an investigative stop.'" State v. Hoder, 9th Dist. No. 03CA0042,2004-Ohio-3083, at ¶ 8, quoting State v. Shook (June 5, 1994), 9th Dist. No. 93CA005716, at *5.
 {¶ 11} The officers observed Campbell make an improper right turn, a violation of R.C. 4511.36(A)(1) and venture into the other lane for a brief period of time, in violation of R.C. 4511.25. A police officer's observation of a person violating a traffic law is sufficient to give rise to the officer's reasonable conclusion that the person is engaged in criminal activity. State v. Myers (Jan. 7, 1998), 9th Dist. No. 18292, *9 (finding that the officer's observation of the vehicle cross the right line three times in a short period of time was sufficient to give rise to a conclusion that the driver was committing a marked lane violation and an articulable and reasonable suspicion that the driver was driving while impaired). "Where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including aminor traffic violation, the stop is constitutionally valid [.]" (Emphasis sic). Id. at *6, quoting Dayton v. Erickson (1996),76 Ohio St.3d 3, 11-12. See State v. Jackson (Nov. 12, 1997), 9th Dist. No. 96CA00656, at *8.
 {¶ 12} Sgt. Ross testified that he observed Campbell make a "very wide" turn into the southbound lane as he was traveling north. Officer Lorek also observed Campbell make a wide right turn and testified:
"The vehicle, after it made the stop, turned right. Its left wheel, its left front wheel went into the southbound lane of Elmwood for a brief period of time, a few seconds. It was clearly a wide right turn. I don't recall any parked car or anything causing it to have to veer into that lane."
Although the trial court reasoned that Campbell was justified in making a wide right turn, stating that "[i]f there were a car parked on North Elmwood Avenue, there would not be enough room for two vehicles to pass this car in opposite directions," the court failed to consider Officer Lorek's testimony that he did not recall seeing any other cars parked on the street at this time which would cause Campbell to veer into the opposite lane of traffic. There was no other testimony in the record identifying a parked car on the street at the time of the stop. Accordingly, the officers' testimony is sufficient evidence to give rise to the conclusion that Campbell was committing a violation of R.C.4511.36(A)(1) or R.C. 4511.25. See Jackson, supra, at *8 (determining that the officer had reasonable suspicion necessary to justify the stop where he observed the driver make a wide right turn without utilizing his turn signal); State v. Owen (Oct. 19, 1998), 12th Dist. No. CA97-12-229 (finding that the officer was justified in executing a traffic stop where he observed the driver make a wide left turn).
 {¶ 13} The trial court makes credibility determinations relative to factual findings. We give deference to those determinations. However, as a matter of law, where an officer observes a minor traffic infraction, the officer has reasonable suspicion to justify a traffic stop. SeeMyers, supra, at *9. Therefore, the stop was reasonable, and the order granting Campbell's motion to suppress was improper. Accordingly, the State's sole assignment of error is sustained.
 III. {¶ 14} Appellant's sole assignment of error is sustained. The judgment of the Medina Municipal Court is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Whitmore, P.J. Carr, J. concur