[Cite as *Euclid v. Jones*, **2012-Ohio-3960.**]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97868**

---

## CITY OF EUCLID

PLAINTIFF-APPELLEE

vs.

## KRISTEN JONES

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Euclid Municipal Court
Case No. 11-TRC-01503

**BEFORE:** Blackmon, A.J., Boyle, J., and Jones, J.

**RELEASED AND JOURNALIZED:** August 30, 2012

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square, Suite 1016
Cleveland, Ohio 44113-2098


**ATTORNEY FOR APPELLEE**

Jason L. Carter
Assistant Law Director
City of Euclid
585 East 222nd Street
Euclid, Ohio 44123

PATRICIA ANN BLACKMON, A.J.:

{¶1} Appellant Kristen Jones appeals the trial court's decision denying her motion to suppress and assigns the following error for our review:

**I. Defendant was denied due process of law when the trial court overruled her motion to suppress.**

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶3} On April 21, 2011, the city of Euclid charged Jones with driving under the influence of alcohol, driving with a prohibited blood alcohol concentration, improper backing, and hit and skip. On April 28, 2011, Jones pleaded not guilty at the arraignment and subsequently filed a motion to suppress. On November 1, 2011, the trial court held a suppression hearing.

## Suppression Hearing

{¶4} At the hearing, Kelly Parton, of the Euclid Police Department, testified that she is the supervisor of Records and Communications. Parton identified three dispatch calls that were played in open court. In the first call, a woman identified as Channel Washington, indicated that she was pursuing a motorist who had just hit her car, and fled the scene. Washington indicated that the motorist struck her car, while backing out of the parking lot at the Olive Twyst Bar located at East 250th Street and Euclid Avenue.

**{¶5}** Washington stated that she believed the motorist was driving either a Dodge Cobalt or Dodge Caliber, that the license plate was ESU7626, and that she believed she was somewhere near the Euclid police station. Washington also indicated that she was driving a 2005 Dodge Stratus.

**{¶6}** In the second call, Washington indicated that the motorist who hit her car was driving too fast and she was unable to keep pace. Washington indicated that she was now at a Sunoco gas station located on Lakeshore Boulevard and East 242nd Street. The dispatcher informed Washington that the license plate reported did not match the vehicle she described.

**{¶7}** In the third call, the dispatcher asked Washington to remain at the Sunoco gas station. Washington informed the dispatcher that her car was dented, had paint transfer, and that part of the vehicle was dangling. During the third call, the dispatcher informed Washington that the motorist had been stopped by the police.

**{¶8}** Officer Mickey Atchley, of the Euclid Police Department, testified that in the early morning of April 21, 2011, he initiated a traffic stop of a Dodge Caliber automobile based on information relayed by dispatch. Officer Atchley testified that he initiated the traffic stop because he observed a vehicle matching Washington's description and with the license plates that matched the information provided, except for the last two digits.

**{¶9}** Officer Atchley, testified that he was certified in accident reconstruction and had investigated thousands of accidents, and that the suspect, who was later identified

as Jones, admitted being involved in an accident. Officer Atchley compared the damage on Jones's car with that of Washington's and found a perfect match.

{¶10} Officer Atchley testified that upon stopping the vehicle, he noticed the aroma of alcohol emanating from the vehicle and observed Jones's bloodshot eyes. Officer Atchley subsequently conducted a field sobriety test, that Jones failed.

{¶11} On November 14, 2011, the trial court denied Jones's motion to suppress. Thereafter, Jones pleaded no contest to driving under the influence of alcohol. The city's prosecutor dismissed the remaining charges.

{¶12} On December 7, 2011, the trial court fined Jones $1,000, but suspended $500, sentenced her to 45 days in jail, but suspended 42, and ordered her to attend a 72-hour driver intervention program in lieu of jail. In addition, the trial court placed Jones on one year of community control and suspended her driver's license for nine months.

### Motion to Suppress

{¶13} In the sole assigned error, Jones argues the trial court erred by denying her motion to suppress.

{¶14} An appellate court's review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact. *State v. Campbell,* 9th Dist. No. 05CA0032-M, 2005-Ohio-4361, ¶ 6. The trial court acts as the trier of fact during a suppression hearing, and is therefore best equipped to evaluate the credibility of witnesses and resolve questions of fact. *Id*. This Court will accept the factual findings of the trial

court if they are supported by some competent, credible evidence. *See State v. Balog*, 9th Dist. No. 08CA0001-M, 2008-Ohio-4292, ¶ 7, citing *State v. Searls*, 118 Ohio App.3d 739, 741, 693 N.E.2d 1184 (5th Dist.1997).   However, the application of the law to those facts will be reviewed de novo. *Id*.

**{¶15}** At issue in the case sub judice is whether Officer Atchley had reasonable, articulable suspicion to stop Jones's vehicle.   It is well-settled that "[a] traffic stop constitutes a seizure within the meaning of the Fourth Amendment." *Whren v. United States*, 517 U.S. 806, 809-810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).   "However, an investigative stop of a motorist does not violate the Fourth Amendment if the officer has a reasonable suspicion that the individual is engaged in criminal activity." *Campbell* at ¶ 10, citing *Maumee v. Weisner*, 87 Ohio St.3d 295, 299, 1999-Ohio-68, 720 N.E.2d 507 (1999).   "To justify a particular intrusion, the officer must demonstrate 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" *Weisner* at 299, quoting *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

**{¶16}** In evaluating the facts and inferences supporting the stop, a court must consider the totality of the circumstances as "viewed through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training." *State v. Bobo*, 37 Ohio St.3d 177, 179, 524 N.E.2d 489 (1988). Thus, "if the specific and articulable facts available to an officer indicate that a driver may be committing a criminal act, which includes the violation of a traffic law, the officer is justified in

making an investigative stop." *State v. Hoder*, 9th Dist. No. 03CA0042, 2004-Ohio-3083, ¶ 8, quoting *State v. Shook*, 9th Dist. No. 93CA005716, 1994 Ohio App. LEXIS 2631 (June 15, 1994).

{¶17} Here, Officer Atchley had reasonable, articulable suspicion to stop Jones's vehicle, because he was pursuing a suspect of a crime in progress. Washington, the victim of a hit/skip, contacted the Euclid police to indicate that a motorist had hit her car, had fled the scene, and Washington was in pursuit. Washington described the suspect's vehicle, gave license plate information, and tried to relay the current location as the pursuit ensued.

{¶18} While Washington was contemporaneously relaying information and pursuing the suspect, the police department broadcasted said information, Officer Atchley pinpointed the location of the suspect's vehicle, and began pursuit. Officer Atchley stopped Jones's vehicle because it matched Washington's description and the license plate information matched except for the last two digits.

{¶19} We conclude, under the totality of the circumstances, Officer Atchley had reasonable, articulable suspicion to stop Jones's vehicle. As such, the trial court properly denied Jones's motion to suppress. Accordingly, we overrule the sole assigned error.

{¶20} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
LARRY A. JONES, SR., J., CONCUR