[Cite as *State v. Smucker*, 2012-Ohio-5567.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 11CA0061 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MATTHEW SMUCKER | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellee | CASE No. TRC-11-05-03975 |

DECISION AND JOURNAL ENTRY

Dated: December 3, 2012

---

WHITMORE, Presiding Judge.

{¶1}   Appellant, the State of Ohio, appeals from the judgment of the Wayne County Municipal Court, granting Appellee, Matthew Smucker's, motion to suppress. This Court reverses.

I

{¶2}   Just after 2:00 a.m. on May 27, 2011, Sergeant John Hromiak observed a vehicle traveling in excess of the posted speed limit. Sergeant Hromiak followed the vehicle and further observed the driver commit two marked lane violations and follow another vehicle too closely. He also noted that the vehicle's validation sticker was not current. Sergeant Hromiak stopped the vehicle and identified the driver as Smucker. Because he smelled a strong odor of alcohol when he spoke with Smucker, Sergeant Hromiak performed field sobriety testing. As a result of the traffic stop, Smucker was charged with two counts of operating a vehicle while intoxicated, a marked lane violation, and a failure to display a current validation sticker.

**{¶3}** Smucker filed a motion to suppress, and the trial court held a hearing. Sergeant Hromiak testified at the hearing, and the State introduced a DVD recording of the traffic stop. At the hearing, Sergeant Hromiak verified that the DVD contained recordings of more than one traffic stop and that the stop of Smucker's vehicle was the second recorded stop. On December 13, 2011, the trial court granted Smucker's motion to suppress on the basis that Sergeant Hromiak lacked reasonable suspicion to stop Smucker's vehicle.

**{¶4}** The State now appeals from the trial court's judgment and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION TO SUPPRESS ON THE BASIS THAT THE TRAFFIC STOP WAS ILLEGAL AND THERE WAS NO REASONABLE SUSPICION OF CRIMINAL ACTIVITY.

**{¶5}** In its sole assignment of error, the State argues that the trial court erred by granting Smucker's motion to suppress on the basis that there was not reasonable suspicion for the stop of his vehicle. Specifically, the State argues that the court's description of the traffic stop in its judgment entry evidences that it viewed the wrong portion of the DVD recording in reaching its decision.

**{¶6}** The Ohio Supreme Court has held that:

[a]ppellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Fanning*, 1 Ohio St.3d 19 (1982). Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court,

whether the facts satisfy the applicable legal standard. *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

*State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. Accordingly, this Court reviews the trial court's factual findings for competent, credible evidence and considers the court's legal conclusions de novo. *State v. Conley*, 9th Dist. No. 08CA009454, 2009-Ohio-910, ¶ 6, citing *Burnside* at ¶ 8.

{¶7} To justify an investigative stop, an officer must point to "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Maumee v. Weisner*, 87 Ohio St.3d 295, 299 (1999), quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968). In evaluating the facts and inferences supporting the stop, a court must consider the totality of the circumstances as "viewed through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training." *State v. Bobo*, 37 Ohio St.3d 177, 179 (1988), quoting *United States v. Hall*, 525 F.2d 857, 859 (D.C.Cir.1976). A totality of the circumstances review includes consideration of "(1) [the] location; (2) the officer's experience, training or knowledge; (3) the suspect's conduct or appearance; and (4) the surrounding circumstances." *State v. Biehl*, 9th Dist. No. 22054, 2004-Ohio-6532, ¶ 14, citing *Bobo* at 178-179. "Where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid * * *." (Internal quotations, citations, and emphasis omitted.) *State v. Campbell*, 9th Dist. No. 05CA0032-M, 2005-Ohio-4361, ¶ 11.

{¶8} Sergeant Hromiak testified that he observed Smucker travel in excess of the posted speed limit, travel onto the centerline of the road, and follow the vehicle in front of him too closely. Sergeant Hromiak also observed that Smucker's vehicle did not have a current validation sticker displayed. In its judgment entry, the trial court indicated that it watched the

DVD recording of the traffic stop that Sergeant Hromiak conducted and did not observe any of the violations that Sergeant Hromiak relied upon as the basis for his stop. The court specifically noted that "[u]pon approaching [Smucker], Sgt. Hromic (sic) told him the reason for the traffic stop was a speed of 20 miles per hour over the limit. He did not mention the marked lanes violations or the registration violation as reasons for the stop." Accordingly, the court concluded that no reasonable suspicion for the stop existed.

{¶9} Upon this Court's review of the record, it is clear that the trial court watched the wrong portion of the DVD recording that the State introduced. Sergeant Hromiak specifically testified that the DVD recording contained more than one traffic stop and that the stop of Smucker's vehicle was not the first stop recorded on the DVD. The first recorded stop on the DVD matches the description that the trial court gave in its judgment entry. That is, none of the violations Sergeant Hromiak relied upon to effectuate the stop of Smucker are present, and Sergeant Hromiak tells the driver of the vehicle that the reason for the stop is that the driver was speeding twenty miles in excess of the speed limit. Notably, the first vehicle depicted in the recording also does not match the description of Smucker's vehicle contained on the citation that Sergeant Hromiak issued. The second stop on the DVD recording, the stop of Smucker, corroborates Sergeant Hromiak's testimony. The recording depicts Smucker's vehicle traveling quickly, traveling onto the center lane, and closely following another vehicle. Moreover, when Sergeant Hromiak approaches Smucker's vehicle in the recording, he specifically notifies Smucker that the marked lane violations, Smucker's act of following another vehicle too closely, and his outdated validation sticker are the reasons for the stop. The trial court's decision is not supported by competent, credible evidence. The record supports the conclusion that Sergeant

Hromiak conducted a constitutionally valid stop of Smucker's vehicle. *See Campbell*, 2005-Ohio-4361, at ¶ 11. As such, the State's sole assignment of error is sustained.

III

**{¶10}** The State's sole assignment of error is sustained. The judgment of the Wayne County Municipal Court is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

DICKINSON, J.
CONCURRING.

{¶11} As I noted in my concurring opinion in *State v. Metcalf*, 9th Dist. No. 23600, 2007-Ohio-4001, ¶ 14 (citing *State v. Thompkins*, 78 Ohio St. 3d 380 (1997)), "an appellate court reviews factual findings in criminal cases both to determine whether they are supported by sufficient evidence and whether, pursuant to the 'criminal manifest weight standard,' the trier of fact created a manifest miscarriage of justice." At the time *Metcalf* was decided, the standard of review quoted by the majority in that case and this case was, in accordance with *State v. Wilson*, 113 Ohio St. 3d 382, 2007-Ohio-2202, ¶ 24, the "civil manifest weight standard," and I suggested in my concurring opinion that we should stop applying it to suppression motions in criminal cases. Since that time, the Ohio Supreme Court has recognized that it is not even properly applied in civil cases. *See Eastley v. Volkman*, 132 Ohio St. 3d 328, 2012-Ohio-2179, ¶ 23. This Court should apply the correct standard for manifest weight review, the standard that applies in civil and criminal cases. That is, we should "weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *Id*. at ¶ 20 (quoting *Tewerson v. Simon*, 141 Ohio App. 3d 103, 115 (9th Dist. 2001)). The trial court did lose its way in this case. Accordingly, I concur that its suppression order must be reversed and this matter remanded for a new hearing on Mr. Smucker's motion to suppress.

CARR, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶12} Although I agree that the suppression order must be reversed because the trial court reviewed the wrong stop on the dash cam recording, my analysis would stop there. I would

not further examine the evidence of reasonable suspicion by analyzing the correct stop on the video. Because the trial court reviewed the wrong stop, it has never examined the correct evidence and made a determination as to whether reasonable suspicion existed to stop Smucker's vehicle. As a reviewing court, I would not make that determination in the first instance. Instead, I would reverse and remand the matter for a new hearing for the court to review the propriety of the stop that actually involved Smucker's vehicle.

APPEARANCES:

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellant.

TIMOTHY KUCHARSKI, Attorney at Law, for Appellee.