[Cite as *State v. Liebling*, 2012-Ohio-5818.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 12CA010203 |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ADAM LIEBLING | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No. 10-CR-80041 |

DECISION AND JOURNAL ENTRY

Dated: December 10, 2012

MOORE, Judge.

{¶1}    Appellant, State of Ohio, appeals the judgment of the Lorain County Court of Common Pleas granting defendant, Adam Liebling's, motion to suppress.  This Court reverses.

I.

{¶2}    On February 2, 2010, Ohio State Highway Patrol Trooper Todd Roberts ("Trooper Roberts") conducted a traffic stop of Liebling's vehicle which bore California plates. According to Trooper Roberts, Liebling drove outside the "white fog line" once and on the fog line twice.  Trooper Roberts asked for Liebling's license and vehicle registration.  He then asked numerous questions about why and how long Liebling was in California, how he got there, where he currently lived, and his current destination.  Roberts then explained that he would issue a warning for the traffic violations if he was able to verify the validity of the vehicle's registration.  He then asked Liebling if he had any drugs in the vehicle because he smelled marijuana.  Liebling denied there were any drugs in the car, and he was placed in the back of

Trooper Robert's patrol car. Throughout the stop, Liebling denied having committed any traffic violations and questioned why Trooper Roberts pulled him over.

{¶3} While Trooper Roberts was verifying Liebling's license and registration, a K9 unit arrived. The drug dog immediately alerted to the bed of Liebling's pick-up truck. Trooper Roberts then informed Liebling that they were going to search his car. Officers found more than forty-four pounds of marijuana in Liebling's vehicle.

{¶4} Liebling was indicted on trafficking, in violation of R.C. 2925.03(A)(2), a felony of the second degree; possession of more than 20,000 grams of marijuana, in violation of R.C. 2925.11(A), a felony of the second degree; possession of criminal tools, in violation of R.C. 2923.24(A), a felony of the fifth degree; and drug paraphernalia, in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree.

{¶5} Liebling filed a motion to suppress arguing the traffic stop was unconstitutional, and the court held a hearing. At this hearing, only Trooper Roberts testified. The court denied Liebling's motion. Almost a year later, after Liebling obtained new counsel, he filed a second motion to suppress and the court held another hearing at which Liebling testified and was cross examined by the State. At this hearing, he withdrew his pending motion, but requested the court reconsider his first motion to suppress based on his testimony heard that day. The parties stipulated to the admission of the video of the traffic stop taken from Trooper Roberts' dashboard camera. The court also permitted the parties to brief the issues.

{¶6} On December 27, 2011, Liebling filed a supplemental memorandum in support of his motion to suppress. The State followed with a memorandum in opposition. Liebling then filed another supplemental memorandum, raising a new issue of the handling of the drug dog evidenced in the Trooper's video. The State requested a hearing to present evidence on the new

issue raised.  The trial court granted Liebling's motion to suppress without ruling on the State's request.

{¶7}    The State now appeals and presents three assignments of error for our review.  To facilitate the analysis, we address the assignments of error out of order.

II.

**<u>ASSIGNMENT OF ERROR II</u>**

THE TRIAL COURT MISAPPLIED THE LAW TO THE FACTS OF THE CASE AND ERRED IN REACHING THE ULTIMATE CONCLUSION GRANTING LIEBLING'S MOTION TO SUPPRESS.

{¶8}    In its second assignment of error, the State argues that the trial court erred in granting Liebling's motion to suppress because it used the incorrect legal standard required for a valid traffic stop.

> Appellate review of a motion to suppress presents a mixed question of law and fact.  When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses.  *State v. Mills*, 62 Ohio St.3d 357, 366 (1992).  Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.  *State v. Fanning*, 1 Ohio St.3d 19 (1982).  Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.  *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

*State v. Burnside*, 100 Ohio St.3d 152, ¶ 8.  Thus, this Court reviews the trial court's factual findings for competent, credible evidence and considers the court's legal conclusions de novo.  *State v. Payne*, 9th Dist. No. 11CA0029, 2012-Ohio-305, ¶ 9.

{¶9}    The Fourth Amendment to the United States Constitution and Section 14, Article 1 of the Ohio Constitution prohibit unreasonable searches and seizures.  *State v. Kinney*, 83 Ohio St.3d 85, 87 (1998).  A traffic stop is a seizure within the meaning of the Fourth Amendment.  *Whren v. United States*, 517 U.S. 806, 809-810 (1996).  To justify a traffic stop, an officer must

have a reasonable suspicion of criminal activity. *Maumee v. Weisner*, 87 Ohio St.3d 295, 299 (1999). *Accord Terry v. Ohio*, 392 U.S. 1, 22 (1968). A police officer has sufficient cause to conduct a traffic stop if the officer witnesses a violation of a traffic law. *State v. Campbell*, 9th Dist. No. 05CA0032-M, 2005-Ohio-4361, ¶ 11.

{¶10} After two hearings and extensive briefing, the trial court found that "[t]he State [] failed to meet its burden to demonstrate *probable cause* to support the traffic stop." (Emphasis added.) The State, however, was only required to prove that the officer had a *reasonable suspicion* of criminal activity in order to make a valid traffic stop. *Weisner* at 299. Accordingly, the State's second assignment of error is sustained, and the case is remanded for the trial court to apply the correct legal standard.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT GRANTED [] LIEBLING'S MOTION TO SUPPRESS BASED ON FACTS NOT ADMITTED INTO EVIDENCE.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN GRANTING LIEBLING'S MOTION TO SUPPRESS BASED, IN PART, ON AN ISSUE NOT RAISED IN HIS MOTION TO SUPPRESS AND IN DENYING THE STATE THE OPPORTUNITY TO PRESENT EVIDENCE REGARDING THAT ISSUE.

{¶11} In its first and third assignments of error, the State argues that the trial court erred in granting Liebling's motion to suppress because (1) its findings relied on evidence not in the record, and (2) the court improperly denied the State's request to present additional evidence to rebut an argument raised in Liebling's third supplemental memorandum.

{¶12} These issues are not ripe for review, and we decline to address them.

5

III.

**{¶13}** The State's second assignment of error is sustained, and its remaining assignments of error are not ripe for review. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

CARR, J.
CONCURS.

BELFANCE, J.
CONCURRING.

{¶14} I concur. The sole basis for the stop in this case was an alleged traffic violation, which, if true, would furnish probable cause to stop the vehicle. *See Whren v. United States*, 517 U.S. 806, 810 (1996) (officer may stop vehicle upon probable cause that traffic violation has occurred); *Illinois v. Caballes*, 543 U.S. 405, 407 (2005). Absent probable cause, law enforcement may not constitutionally stop a vehicle unless the officer observes facts giving rise to a reasonable, articulable suspicion of criminal activity. *See State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 8. *See also Terry v. Ohio*, 392 U.S. 1, 21 (1968). In this case, the trial court's journal entry does state that it did not find the Trooper's testimony to be credible thus, suggesting both the absence of probable cause and reasonable articulable suspicion. Hence, any error could be viewed as harmless. However, I agree that, in light of the apparent ambiguity, upon remand the trial court should clarify its journal entry so it makes clear whether it determined that that the officer lacked both probable cause and reasonable articulable suspicion to stop the vehicle.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellant.

JOSEPH LANDUSKY, Attorney at Law, for Appellee.