[Cite as *N. Royalton v. Turkovich*, 2013-Ohio-4701.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99448**

## CITY OF NORTH ROYALTON

PLAINTIFF-APPELLEE

vs.

## JARED A. TURKOVICH

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Parma Municipal Court
Case No. 12TRCO6311

**BEFORE:** Rocco, J., Celebrezze, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 24, 2013

-i-

**ATTORNEYS FOR APPELLANT**

Joseph F. Salzgeber
Arthur E. Foth, Jr.
Foth & Foth Co., L.P.A.
11221 Pearl Road, Lower Level
Strongsville, Ohio   44136-3344

**ATTORNEY FOR APPELLEE**

James J. McDonnell
North Royalton City Prosecutor
75 Public Square
Suite 700
Cleveland, Ohio   44113-2001

KENNETH A. ROCCO, J.:

**{¶1}** After entering a no contest plea to a charge of violating R.C. 4511.19(A)(2) (refusal to submit to a blood alcohol content, i.e., a "BAC," analysis), defendant-appellant Jared A. Turkovich appeals from the Parma Municipal Court's decision to deny his motion to suppress evidence.

**{¶2}** Turkovich presents one assignment of error. He asserts that the municipal court improperly denied his motion because the police officer lacked a reasonable suspicion that Turkovich was engaging in criminal activity that would justify a traffic stop of his vehicle.

**{¶3}** Upon a review of the record, this court disagrees. Consequently, Turkovich's assignment of error is overruled, and the municipal court's decision is affirmed.

**{¶4}** North Royalton police officer Steve Zahursky testified at the hearing on Turkovich's motion to suppress evidence. Zahursky stated he received a call from his police dispatcher that "Parma Police received a complaint of a motorcycle driver * * * laying [his] bike down near State Road [and] Pleasant Valley area." The North Royalton dispatcher informed Zahursky that Parma police had relayed the complainant's call, and that the complainant indicated that she was following the vehicle, which she described as a "red and black Harley Davidson" that was traveling southbound on State Road.

**{¶5}** After turning onto State Road from Royalwood Road, Zahursky drove his patrol car northbound, and, a few minutes later, as he approached the intersection of

Wallings Road, he observed a motorcycle that matched the complainant's description. The motorcycle was proceeding southbound and turned west onto Wallings. Zahursky turned onto Wallings Road behind it.

{¶6} Zahursky testified he remained approximately 15 to 20 feet to the rear, and observed the motorcycle driver "maneuvering in a weaving course and at times * * * abruptly jerking back and forth a little bit." After Zahursky saw this action occur "about four to five times," he initiated a traffic stop of the motorcycle.

{¶7} The motorcyclist, identified as Turkovich, "had an obvious odor of alcoholic beverage emanating from him." Zahursky also stated that Turkovich's "eyes were bloodshot, red and glassy, his speech was slurred and mush mouthed." Zahursky eventually issued four citations to Turkovich: (1) operating a vehicle while intoxicated in violation of R.C. 4511.19(A)(1)(a); (2) BAC refusal in violation of 4511.19(A)(2); (3) weaving in violation of North Royalton Ordinances 432.38(A); and (4) failure to have reasonable control of his vehicle in violation of R.C. 4511.202.

{¶8} Turkovich filed a motion to suppress evidence. At the hearing on the motion, the municipal court was presented with Zahursky's testimony and with the testimony of one defense witness. Subsequently, the municipal court denied Turkovich's motion to suppress evidence.

{¶9} Turkovich entered a plea of no contest to the BAC charge in exchange for the city's dismissal of the remaining charges. The municipal court accepted his plea,

dismissed the other charges, and found Turkovich guilty of the BAC charge. The sentence Turkovich received was stayed pending the outcome of this appeal.

{¶10} Turkovich presents the following as his sole assignment of error.

**I. The trial court committed reversible error by denying Defendant's motion to suppress the evidence, where the police officer did not have reasonable suspicion or probable cause to initiate the traffic stop of Defendant's vehicle and the stop therefore violated the Fourth Amendment to the Unites States Constitution.**

{¶11} Turkovich argues that the municipal court erred in denying his motion to suppress because Zahursky lacked reasonable suspicion to stop and detain him. Turkovich asserts that, during the short time Zahursky followed him, he did not commit any traffic infractions worthy of justifying a traffic stop. This court finds that the trial court's decision was correct.

{¶12} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. In ruling on a motion to suppress, a trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Dunlap*, 73 Ohio St.3d 308, 314, 652 N.E.2d 988 (1995). A reviewing court, therefore, must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. *Burnside* at ¶ 8. However, once an appellate court has accepted those facts as true, it then must independently determine as a matter of law whether the

facts as found by the trial court met the applicable legal standard. *Burnside* at ¶ 9. That is, application of the law to the trial court's findings of fact is subject to a de novo standard of review. *Id.*

{¶13} Prior to initiating a stop, a "police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Determination of whether reasonable suspicion exists in any given case requires review of the totality of the surrounding facts and circumstances. *State v. Bobo*, 37 Ohio St.3d 177, 524 N.E.2d 489 (1988), paragraph one of the syllabus. Those circumstances must be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold. *State v. Andrews*, 57 Ohio St.3d 86, 89, 565 N.E.2d 1271 (1991).

{¶14} According to the record in this case, the traffic stop was based in part on a tip that a motorcyclist had been seen by another driver "laying [his] bike down near [the] State Road [and] Pleasant Valley" Road intersection. The other driver suspected that the motorcyclist was driving under the influence of alcohol.

{¶15} The Ohio Supreme Court has held that a telephone tip, even standing alone, can create reasonable suspicion justifying an investigative stop as long as the tip has sufficient indicia of reliability. *Maumee v. Weisner*, 87 Ohio St.3d 295, 720 N.E.2d 507 (1999), paragraph one of the syllabus. Thus, under such circumstances, the determination of reasonable suspicion is limited to an examination of the weight and

reliability of the tip. *Id.* The most important factors in determining the reliability of an informant's report are "the informant's veracity, reliability, and basis of knowledge." *Id.*, citing *Alabama v. White*, 496 U.S. 325, 328, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990).

{¶16} In assessing the reliability of the informant's tip, the *Weisner* court noted that it has generally been accepted that among the classes of informants, the identified citizen informant is the most reliable; the court explained at 300:

> * * * [A]n anonymous informant is comparatively unreliable and his tip, therefore, will generally require independent police corroboration. *Alabama v. White*, 496 U.S. at 329, 110 S.Ct. at 2415, 110 L.Ed.2d at 308. * * * [On the other hand,] an identified citizen informant may be highly reliable and, therefore, a strong showing as to the other indicia of reliability may be unnecessary: "If an unquestionably honest citizen comes forward with a report of criminal activity — which if fabricated would subject him to criminal liability — [the Unites States Supreme Court has] found rigorous scrutiny of the basis of his knowledge unnecessary." *Illinois v. Gates*, 462 U.S. [213,] 233-234, 103 S.Ct. [2317,] 2329-2330, 76 L.Ed.2d [527,] 545.

{¶17} Particularly when the informant provides identifying information, including his or her name and phone number, and the informant remains on the scene, making face-to-face contact a possibility, police have sufficient information to classify that informant as an identified citizen. *Id.* In this case, the Parma police department contacted the North Royalton police department and put the North Royalton dispatcher on the line with another driver; the driver then repeated to the North Royalton police the information she initially gave to the Parma police. The driver identified herself, stated her observations, and stated that she continued to follow the motorcycle as it traveled southbound from the intersection of State and Pleasant Valley Roads.

**{¶18}** Zahursky testified at the suppression hearing that he received all of this information from his dispatcher. The informant provided a description of the motorcycle. The informant indicated her concern that the cyclist was intoxicated because she had seen him "lay down" his bike on the pavement near the intersection of State Road and Pleasant Valley Road. Moreover, the informant provided the motorcycle's general location because her concern prompted her to *continue to follow it for several miles* as it traveled southbound from that intersection. The information she provided was consistent with the color of and the location of Turkovich's motorcycle when Zahursky spotted it. *Euclid v. Jones*, 8th Dist. Cuyahoga No. 97868, 2012-Ohio-3960; *see also State v. Boiani*, 8th Dist. Cuyahoga No. 98314, 2013-Ohio-1342. Under these circumstances, the informant was an identified informant with information reliable enough to warrant the stop, especially in light of what Zahursky observed of Turkovich's driving after Zahursky began following the motorcycle. *State v. Grimmett*, 2d Dist. Greene No. 2004 CA 24, 2005-Ohio-126; *compare State v. Grigoryan*, 8th Dist. Cuyahoga No. 93030, 2010-Ohio-2883.

**{¶19}** The transcript of the suppression hearing indicates Zahursky provided a visual illustration to the municipal court by mimicking the motorcycle driver's hands on the handlebars. Zahursky testified that he saw Turkovich "maneuvering in a weaving course," and "abruptly jerking back and forth" as he proceeded westbound on Wallings Road. From these observations, Zahursky believed the motorcyclist did not have "reasonable control" over the vehicle; indeed, a violation of R.C. 4511.202(A) was one of

the citations Zahursky issued to Turkovich. Zahursky, therefore, had reasonable suspicion to investigate further and to initiate a traffic stop of Turkovich.

{¶20} The municipal court was in the best position to determine the reliability of Zahursky's testimony in contrast to the testimony of the defense witness. Under the circumstances presented in this case, the municipal court could reasonably have concluded that Turkovich's friend followed him home from the bar due to a concern that Turkovich would have difficulty driving in his inebriated condition.

{¶21} Because Zahursky had reasonable suspicion for the stop, the municipal court committed no error in denying Turkovich's motion to suppress evidence. Turkovich's assignment of error, accordingly, is overruled.

{¶22} The municipal court's decision is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
SEAN C. GALLAGHER, J., CONCUR