[Cite as *State v. Liebling*, 2013-Ohio-5491.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     13CA010334 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ADAM LIEBLING | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No.     10CR080041 |

DECISION AND JOURNAL ENTRY

Dated: December 16, 2013

CARR, Judge.

{¶1}    Appellant, the State of Ohio, appeals the judgment of the Lorain County Court of Common Pleas granting appellee Adam Liebling's motion to suppress.  This Court affirms.

I.

{¶2}    This matter arises from a traffic stop that occurred on February 2, 2010.  While this Court discussed the circumstances surrounding the stop in our decision resolving the State's first appeal in this matter, we reiterate the facts for ease of reference.  *State v. Liebling*, 9th Dist. Lorain No. 12CA010203, 2012-Ohio-5818, ¶ 1-3.

{¶3}    On the morning of February 2, 2010, Trooper Todd Roberts of the Ohio State Highway Patrol stopped Liebling's pickup truck on the Ohio Turnpike.  According to Trooper Roberts, Liebling drove outside the fog line on one occasion, and on the fog line on two separate occasions.  Trooper Roberts also noticed that the truck had California license plates.  After obtaining Liebling's license and registration, Trooper Roberts asked Liebling a series of

questions regarding how long he had been in California, where he was residing currently, and where he was going that day. Throughout the course of the stop, Liebling consistently denied violating any traffic laws and questioned why he had been stopped. Trooper Roberts indicated he would only issue a warning if he was able to verify Liebling's license and registration. Before verifying the license and registration, however, Trooper Roberts smelled the odor of marijuana, and asked Liebling if he had drugs in the vehicle. When Liebling denied that there were drugs in the vehicle, Trooper Roberts placed Liebling in the back of his cruiser. While Trooper Roberts was verifying Liebling's license and registration, a drug dog unit arrived on the scene. The drug dog subsequently alerted to the bed of the truck, and the ensuing search revealed forty-five pounds of marijuana in the vehicle.

{¶4} On April 14, 2010, the Lorain County Grand Jury indicted Liebling on one count of trafficking in drugs, one count of possession of drugs, one count of possession of criminal tools, and one count of possession of drug paraphernalia. On October 21, 2010, Liebling filed a motion to suppress, arguing that the traffic stop was unlawful. The court held a hearing on October 26, 2010. Trooper Roberts was the only witness to testify at the hearing. On November 29, 2010, the trial court issued a journal entry denying the motion.

{¶5} After several continuances, Liebling obtained new counsel and filed a second motion to suppress on August 17, 2011. The State filed a memorandum in opposition. The hearing on the second motion to suppress was held on October 24, 2011, at which time Liebling testified on his own behalf. During the course of the hearing, Liebling withdrew his pending motion to suppress, but asked the trial court to reconsider its decision denying his initial motion based on the testimony at the second hearing. Both parties stipulated to the admission of dashboard camera video of the traffic stop taken from Trooper Roberts' cruiser. With the

permission of the trial court, Liebling filed a supplemental brief in support of his original motion to suppress, and the State responded with a memorandum in opposition. Liebling then filed an additional supplemental memorandum on January 27, 2012, raising the issue of the handling of the drug dog evidenced in the video. The State requested a hearing to present evidence on the new issue raised. Without holding an additional hearing, the trial court granted the motion, concluding that "[t]he State [] failed to meet its burden to demonstrate probable cause to support the traffic stop." The trial court specifically stated that it "[did] not find the testimony of Trooper Roberts credible." With respect to the subsequent search, the trial court found that the drug dog was also "not credible[,]" and that "the State has failed to meet its burden of establishing probable cause for the subsequent search of Defendant's vehicle."

{¶6} The State filed a timely notice of appeal to this Court and raised multiple assignments of error, including that the trial court misapplied the law relating to the traffic stop. On December 17, 2012, this Court reversed the trial court's judgment on the basis that an officer needs only a reasonable suspicion of criminal activity in order to make a valid traffic stop, and that the matter must be remanded to the trial court to apply the correct legal standard. *Liebling*, 2012-Ohio-5818, at ¶ 10.

{¶7} On December 27, 2012, the trial court issued a new journal entry granting Liebling's motion. The trial court found that there were no credible facts suggesting Liebling committed a traffic violation, and ultimately concluded that Trooper Roberts lacked the reasonable suspicion of criminal activity necessary to stop Liebling's vehicle. In reaching this conclusion, the trial court emphasized that it did not find the testimony of Trooper Roberts to be credible.

{¶8} On appeal, the State raises two assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT GRANTED LIEBLING'S MOTION TO SUPPRESS AS THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S FACTUAL DETERMINATONS.

{¶9} In its first assignment of error, the State argues that the trial court erred in granting Liebling's motion to suppress. This Court disagrees.

{¶10} In support of its assignment of error, the State argues that there was no basis in the record for the trial court's findings of fact. The State asserts that in reaching its determination that Trooper Roberts was not credible, it improperly "placed considerable emphasis on the fact that Trooper Roberts did not capture the marked lanes violations on his dash camera." The State further contends that it was improper for the trial court to find that Trooper Roberts' testimony lacked credibility when it had initially deemed Trooper Roberts to be credible when it denied the motion in the first instance. Finally, the State argued that the trial court erred by allowing Liebling to assert a defense to the alleged traffic violations because claimed defenses are irrelevant to the issue of whether a traffic violation has occurred.

{¶11} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id*., citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion

of the trial court, whether the facts satisfy the applicable legal standard." *Id*., citing *State v. McNamara*, 124 Ohio App.3d 706, 707 (4th Dist. 1997).

{¶12} The Fourth Amendment to the United States Constitution and Section 14, Article 1 of the Ohio Constitution proscribe unreasonable searches and seizures. A law enforcement official may conduct a traffic stop when there is a reasonable suspicion of criminal activity, such as a traffic violation. *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968); *State v. Campbell*, 9th Dist. Medina No. 05CA0032-M, 2005-Ohio-4361, ¶ 11.

{¶13} Both Trooper Roberts and Liebling testified in this matter, and they offered sharply contrasting testimony regarding whether Liebling drove his car over the fog line. At the October 26, 2010 hearing, Trooper Roberts testified that he witnessed Liebling commit several traffic violations as he traveled in the right-hand lane going eastbound on the Ohio Turnpike. Trooper Roberts testified, "As I was behind him, he traveled over [the] white fog line on three occasions." Trooper Roberts explained that the first violation occurred when Liebling drove outside the fog line as a vehicle passed him on the left, and that the second and third violations occurred when Liebling drifted just enough so that his outside tires touched the fog line.

{¶14} At the October 24, 2011 hearing, Liebling testified that he was traveling eastbound on the date of the stop when he noticed a state highway patrol car parked in the median, facing east. As soon as Liebling passed the patrol car, it began to follow him. Liebling testified that the patrol car followed him very closely, staying no more than a car length behind him. When asked if he drove over the fog line at some point, Liebling responded, "I did not swerve off from the center of the lane that I was traveling in." Liebling continued, "I absolutely did not go over any lines. I was right in the middle of the road the entire time that the officer was following my vehicle." When asked directly if he had committed any traffic offenses,

Liebling responded, "I was quite sure that because that patrol car was right behind my car, I was watching to make sure that everything I did was completely within the law. And I am absolute -- I am totally sure I did not veer to one side or the other, or to exceed the speed limit or cross any lines whatsoever."

{¶15} Our review of the record reveals that the trial court did not err in granting Liebling's motion to suppress. While the State raises multiple arguments in support of its assignment of error, a review of the trial court's December 27, 2012 journal entry suggests that the trial court's decision was based solely on a credibility determination after hearing the testimony of both Trooper Roberts and Liebling. There was nothing in the judgment entry suggesting that the trial court's decision to grant the motion to suppress stemmed from Liebling's ability to prove an affirmative defense to the traffic violation, nor was there a declaration that the lack of dashboard camera evidence was the determinative factor. Instead, the trial court specifically noted that there was conflicting testimony presented by the parties and stressed its belief that "defendant's version was 'more plausible' and that the trooper's testimony in this regard was not credible." It is well settled that in ruling on a motion to suppress, the trial judge is "in best position to resolve factual questions and evaluate the credibility of witnesses." *Burnside* at ¶ 8. Here, the trial court simply found that Liebling's testimony was more credible, and that the State "failed to present credible facts to justify the stopping of the defendant's vehicle[.]" Moreover, while the State points out that the trial court must have found the trooper's testimony credible when it initially denied the motion to suppress on November 29, 2010, we note that the trial court's decision to ultimately grant the motion came after Liebling had obtained new counsel and testified on his own behalf, allowing the trial court to make a more informed credibility determination.

**{¶16}** The first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING LIEBLING'S MOTION TO SUPPRESS BASED, IN PART, ON AN ISSUE NOT RAISED IN HIS MOTION TO SUPPRESS AND IN DENYING THE STATE THE OPPORTUNITY TO PRESENT EVIDENCE REGARDING THAT ISSUE.

**{¶17}** In its second assignment of error, the State argues that the trial court granted the motion to suppress based on an issue that was not raised in Liebling's motion. Specifically, the State argues that the trial court improperly permitted Liebling to augment his motion by filing a supplemental memorandum regarding the reliability of the drug dog. The State contends that it was not proper for the trial court to consider that issue because the State was never given an opportunity to present evidence regarding the drug dog's reliability. While the trial court referenced the credibility of the drug dog in the March 15, 2012 judgment entry that was the subject of the State's prior appeal, the trial court made no reference to the drug dog in the judgment entry that is the subject of this appeal. In its December 27, 2012 judgment entry, the trial court granted the motion to suppress solely on the basis that the initial traffic stop of Liebling's vehicle was not justified because there was no credible evidence of a traffic violation. It follows that the State cannot prevail on its argument.

**{¶18}** The second assignment of error is overruled.

### III.

**{¶19}** The State's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellant.

JOSEPH LANDUSKY, Attorney at Law, for Appellee.