[Cite as *State v. Woods*, 2018-Ohio-3352.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     28838 |
|     Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOEL W. WOODS, JR. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
|     Appellant | CASE No.     CR 2017-01-0302 |

DECISION AND JOURNAL ENTRY

Dated: August 22, 2018

CALLAHAN, Judge.

{¶1} Joel Woods, Jr. appeals from his convictions in the Summit County Common Pleas Court. This Court reverses.

I.

{¶2} Around 1:00 in the morning on January 24, 2017, Cuyahoga Falls Police Officer Gregory Koch stopped a car for what he described as a marked lanes violation. The car had three people in it – the driver, a front-seat passenger, and a back-seat passenger. Mr. Woods was the front-seat passenger.

{¶3} Officer Koch requested identification from all three occupants and learned that none of them had a valid driver's license. Consequently, Officer Koch and additional officers, who had arrived on scene, decided to have the car towed. The driver indicated that the car was owned by his girlfriend, who lived in Warrensville Heights.

{¶4} Officer Koch further learned that the driver and Mr. Woods had outstanding warrants. Mr. Woods' warrant contained a caution "about having a weapon in a drive-by shooting." Officer Koch had Mr. Woods step out of the car and conducted a pat down search. As a result of that search, a bag of marijuana was discovered in Mr. Woods' pocket. Officer Koch informed Mr. Woods of his Miranda rights and placed him in his cruiser.

{¶5} Officer Koch also had the other occupants exit the car, and he began to search it. Officer Koch testified that multiple things were happening at once and that the other officers finished the inventory search and tow report. As the other officers were searching the car, they found a loaded gun under the center console.

{¶6} When Officer Koch asked Mr. Woods about the gun, Mr. Woods indicated that he wanted to speak to his attorney. Officer Koch returned Mr. Woods to the back seat of his cruiser. Officer Koch conferred with the other officers, and they decided to charge the driver and Mr. Woods for the gun. After that, Officer Koch returned to his police cruiser and informed Mr. Woods that he was under arrest. Mr. Woods asked if he was the only one being arrested, and Officer Koch responded that they were also charging the driver. Mr. Woods then stated that the gun was his.

{¶7} Mr. Woods was indicted for improperly handling a firearm in a motor vehicle, a fourth-degree felony, and possession of marijuana, a minor misdemeanor. Mr. Woods pleaded not guilty and moved to suppress the evidence against him. Following a hearing and additional briefing from the parties, the trial court denied the suppression motion.

{¶8} Thereafter, Mr. Woods withdrew his not guilty plea and pleaded no contest to the charges. The trial court accepted his no contest plea, found him guilty, and sentenced him accordingly.

{¶9} Mr. Woods appeals, raising one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN DENYING DEFENDANT JOEL WOODS' MOTION TO SUPPRESS EVIDENCE SEIZED DURING AN UNLAWFUL SEARCH IN VIOLATION OF HIS RIGHT TO BE SECURE FROM AN UNREASONABLE SEARCH AND SEIZURE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.

{¶10} In his sole assignment of error, Mr. Woods argues that the trial court erred in denying his motion to suppress. More particularly, he challenges the traffic stop, the search of his person, the search of the car, and his statement that the gun was his.

{¶11} "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. The trial court, as the trier of fact, is in the best position to judge the credibility of witnesses and resolve factual issues. *Id.* An appellate court, therefore, "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.* "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.* Consequently, "this Court reviews the trial court's factual findings for competent, credible evidence and considers the court's legal conclusions de novo." *State v. Hendrix*, 9th Dist. Summit Nos. 26648, 26649, 2013-Ohio-2430, ¶ 6.

{¶12} Initially, this Court notes that, as a passenger, Mr. Woods has standing to challenge the traffic stop. "Passengers in a vehicle have standing to challenge the legality of a stop because when the vehicle is stopped, their freedom of movement is affected; therefore, when the vehicle is stopped, the passengers are seized." *State v. Earley*, 9th Dist. Wayne No. 99CA0059, 2000 Ohio App. LEXIS 2836, *8-9 (June 28, 2000). Mr. Woods argues that "[t]here

was no marked lanes violation" and it was unreasonable to stop the car for "the minor, isolated infraction of 'hitting' the yellow line."

{¶13} R.C. 4511.33(A)(1) prescribes: "Whenever any roadway has been divided into two or more clearly marked lanes for traffic * * * [a] vehicle * * * shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic * * *." The Ohio Supreme Court has repeatedly found that "where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question." *Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12 (1996); *see also State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 7-8.

{¶14} Officer Koch was the sole witness to testify at the suppression hearing. In addition, the dash camera video of the stop was entered into evidence. On the video, Officer Koch is heard saying, "They hit it." On cross-examination, Officer Koch conceded that the violation may be hard to see on the video. At the hearing, when he was asked to describe the violation, Officer Koch testified that the "[c]ar's left tires went on the double yellow line appearing to almost go over the double yellow line."

{¶15} The trial court found that "Officer[] Koch and [another officer[1]] observed a vehicle make a marked lanes violation by driving on the yellow [ ] line for approximately five seconds." While Officer Koch's testimony supports the court's finding of driving on the yellow line, he did not testify as to the length of time that the tires were on the yellow line. The video also does not show the car being driven on the yellow line for five seconds. Consequently, the

[1] Though not directly relevant to the arguments on appeal, the record indicates that this officer did not arrive until after Officer Koch had stopped the car.

trial court's finding in this regard is not supported by competent, credible evidence. *See Hendrix*, 2013-Ohio-2430, at ¶ 14.

{¶16} Moreover, this Court "cannot conclude that the factual inaccuracies had no impact on the court's ultimate decision" as to whether Officer Koch had a reasonable suspicion that the driver committed a violation of R.C. 4511.33(A)(1). *See id.* When a trial court's factual findings are not supported by competent, credible evidence, this Court is unable to address its application of the law to those facts. *Id.*; *see also State v. Essad*, 9th Dist. Lorain Nos. 16CA010950, 16CA010951, 2017-Ohio-2913, ¶ 20. On this basis, Mr. Woods' assignment of error is sustained. The remaining issues under this assignment of error concern the application of the law and the events subsequent to the stop. Based on our determination regarding the court's factual findings, these issues are not yet ripe for review. *See Essad* at ¶ 21.

III.

{¶17} Mr. Woods' assignment of error is sustained. The judgment of the Summit County Common Pleas Court is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

SENECA KONTURAS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.