**[Cite as *State v. Kleintop*, 2021-Ohio-3584.]**

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

v.

CHARLES KLEINTOP

    Appellant

C.A. No.     29873

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 19 11 3925

DECISION AND JOURNAL ENTRY

Dated: October 6, 2021

CARR, Presiding Judge.

{¶1}    Defendant-Appellant Charles Kleintop appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    Following a February 15, 2019 traffic stop in a Walmart parking lot, Kleintop was indicted on one count of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a). Kleintop filed a motion to suppress asserting, inter alia, that police lacked reasonable suspicion to stop the vehicle Kleintop was driving. The State opposed the motion. A hearing on the motion was subsequently held. The trial court issued an entry denying Kleintop's motion to suppress. Thereafter, Kleintop pleaded no contest. The trial court sentenced Kleintop accordingly.

{¶3}    Kleintop has appealed, raising a single assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY DENYING DEFENDANT'S MOTION TO SUPPRESS AS THE OFFICER DID NOT HAVE REASONABLE SUSPICION TO CONDUCT AN INVESTIGATORY STOP[.]

{¶4} Kleintop argues in his sole assignment of error that the trial court erred in denying his motion to suppress as the officer lacked reasonable suspicion to stop the vehicle Kleintop was driving. Essentially, Kleintop argues that it was unreasonable for the trial court to conclude that the officer could identify Kleintop as the person driving the vehicle given the distance, weather conditions, other people known to drive the vehicle, and the fact that two people approached the vehicle.

{¶5} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

{¶6} The Fourth Amendment to the United States Constitution and Article 1, Section 14 of the Ohio Constitution proscribe unreasonable searches and seizures. A traffic stop constitutes a seizure within the meaning of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809-810 (1996). A law enforcement official may conduct a traffic stop when there is a

reasonable suspicion of criminal activity, such as a traffic violation. *State v. Campbell*, 9th Dist. Medina No. 05CA0032-M, 2005-Ohio-4361, ¶ 10-11. "[W]here an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid[.]" *Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12 (1996); *State v. Woods*, 9th Dist. Summit No. 28838, 2018-Ohio-3352, ¶ 13.

{¶7} "To determine whether an officer had reasonable suspicion to conduct a *Terry* stop, the 'totality of circumstances' must be considered and viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." (Internal quotations and citation omitted.) *State v. Hawkins*, 158 Ohio St.3d 94, 2019-Ohio-4210, ¶ 21. "This process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." (Internal quotations and citations omitted.) *Id.* "A determination that reasonable suspicion exists, however, need not rule out the possibility of innocent conduct. *Terry* accepts the risk that officers may stop innocent people." (Internal quotations and citations omitted.) *Hawkins* at ¶ 22.

{¶8} At the suppression hearing, Officer Patrick Myers of the Stow Police Department testified. On February 15, 2019, around 3:00 a.m., Officer Myers was in the lighted Walmart parking lot. Officer Myers indicated that, because the store was open 24 hours, there was frequent drug use, sales, and thefts in the parking lot. While in the parking lot, Officer Myers ran a license plate of a vehicle through the system. The system contains notes made by other officers. Officers can indicate in the notes if people other than the registered owner drive a given vehicle and can include that driver's license number and social security number in the notes. The notes on the vehicle at issue indicated several people other than the registered owner drove

the vehicle including Kleintop. When Officer Myers looked up Kleintop in the system, Kleintop came back as a suspended driver and had an outstanding misdemeanor warrant. Officer Myers also had access to Kleintop's BMV photo.

{¶9} Officer Myers stayed in the vicinity for a bit and then observed an individual appearing to be Kleintop exit Walmart with another person. The person appearing to be Kleintop got in the driver's seat and proceeded to drive through the parking lot. Officer Myers testified that although he was far away, he observed the individuals with binoculars and so was able to confirm the person resembling Kleintop got into the driver's seat. And while it was raining during the stop, Officer Myers did not believe it was raining at the time he saw the individuals exit Walmart. Officer Myers then stopped the vehicle while it was still in the parking lot. As Officer Myers approached the vehicle, he called out Kleintop's name and the man in the driver's seat answered to it.

{¶10} Officer Myers had both Kleintop and the passenger exit the vehicle. Both consented to a search of their property and the vehicle. A small baggie containing a crystal-like substance, which was later determined to be methamphetamine, was discovered on the driver's side floorboard. Officer Myers then handcuffed Kleintop and read him his *Miranda* rights. Kleintop denied any knowledge of the drugs.

{¶11} While Kleintop argues that Officer Myers lacked reasonable suspicion to stop the vehicle, we cannot say that Kleintop has demonstrated the same. Officer Myers discovered that Kleintop was a known driver of the vehicle, that he was under suspension, and Officer Myers had access to a photograph of Kleintop. In addition, at the time Officer Myers observed Kleintop exit Walmart, get into the driver's seat, and drive away, Officer Myers testified that he did not believe it was raining. Moreover, Officer Myers averred to having binoculars to better observe

the scene. Thus, the record and the trial court's findings do not support Kleintop's assertion that it would be unreasonable for the trial court to conclude that Officer Myers could identify Kleintop as the driver given the conditions. Notably, Kleintop does not appear to challenge the manner in which Officer Myers obtained the information about Kleintop. Further, Kleintop does not seem to dispute that an officer can stop an individual known to be driving under suspension. *See State v. Turner*, 9th Dist. Wayne No. 96CA0096, 1998 WL 150389, *3 (Apr. 1, 1998); *State v. Mitchell*, 6th Dist. Lucas No. L-10-1047, 2010-Ohio-4708, ¶ 15. Kleintop has not demonstrated that the trial court erred in concluding that Officer Myers possessed reasonable suspicion to stop the vehicle Kleintop was driving.

{¶12} Accordingly, Kleintop has not demonstrated that the trial court erred in denying his motion to suppress. Kleintop's assignment of error is overruled.

III.

{¶13} Kleintop's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.